UNITED STATES DISTRICT AND BANKRUPTCY COURTS
FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------------------

Andrew Chien,    Plaintiff  Pro Se
665 Ellsworth Avenue
New Haven, CT 06511
Tel:203-5628899
     -against-
Richard J Freer    Defendants
 8110 Westbury Drive
Henrico, VA 23229.
Tel:(804) 337-0784

China Bull Management Inc
(Note. A Virginia Company)
8110 Westbury Drive
Henrico, VA 23229
Tel:(804) 337-0784

----------------------------------------

Case: 1:18-cv-02050    **JURY**
Assigned To : Kelly, Timothy J.
Assign. Date : 8/27/2018
Description: Pro Se Gen. Civil

Jury-trial required

COMPLAINT

CONTENTS                                          Pages

Authorities ...................................................................................  2

Preface ......................................................................................  5

I.  Summary of Action.................................................................  5

II. Parties ...................................................................................  9

III. Jurisdiction and Venue  ..........................................................  9

IV. Brief of The Case ...................................................................  9

Part 1. VA Judgment Debt Created from Subject Error .......................... 10

Part 2.  VA Debt Collection from Day One Committed Subject Error ................... 16

Part 3. VA Debt Collection for Invading Interests of Third Parties.......................... 17

Part 4. Chien Tries to Recover CHBM Operation after Released......................... 22

Part 5.  Freer's Conspiracy with Ms. Ransom.................................... ...... ......22

1

RECEIVED
Mail Room

AUG 2 7 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Part 6. One Evidence of Significant Business Damage................................. 25

 V. Arguments................................................................................. 25

Part 1. Freer Parties' Acts are Racketeering.................................... ... 25

Part 2.  Chien's Constitutional Right to Run Business .................................... 26

Part 3.  Significantly Violation of Securities Laws ..................................... 27

VI. Counts ........................................................................... ... 29

Part 1.  Common Tort Law & VA Code Violation Claim............................... ... 29

Part 2.   Securities Law Violation Claims .................................................. 32

Part 3.  RICO Claims ............................................................... 33

Part 4. Fraud of Virginia Registered China Bull Management Inc.......................... 35

VII. Relief ......................................................................... 35

## Authorities

### Cases

Kalb v. Feuerstein, 308 U.S. 433 (1940) ............................................... 7

National Bank of Commerce v All American Assurance Co.(1978, CA5Tex)
        583 F.2d 1295............................................................... 27

WIKIPEDIA.ORG: difference between criminal conspiracy and civil conspiracy......... 26

### Constitution & US Laws

Amend IV .......................................................................... 8

Amend V ........................................................................ 16, 17,30

Amend XIV  ........................................................................ 8

Securities Exchange Act of 1934, Section 13(a), 14(a)(1), 14(d)(1), 14(d)(4),14(e),
    14(f), 14A(b)(1)&(2), 14(B), 15(d) ................................... 27, 28, 32,35

15 USC § 1692i(a)(1)................................................................. 30

17CFR240.13d-1 .................................................................................. 28, 32

17CFR 240.14f-1 ................................................................................. 28.32

17CFR 240.16a-3 ............................................................................ 28, 32,33

Form 4 ................................................................................................ 28, 33

§720 of Revised Statute (1874) .............................................................18, 29

11USC §503(c)(1)(A) Executive compensation ................................... 18, 29

15USC §77x: ................................................. ..................................... 28, 33

15USC § 78ff.................................................................................... 29, 33

18USC §513 Make, own forged security ............................................. 20, 34

18USC §1001: False Statement................................................................34

18USC §1341 & §1343: Mail& Wire Fraud................................... ......... 34

18USC ¶1348 Securities Fraud......................................................... 28

18USC §1512 & 1513: Retaliation ................................................ ......... 18, 34

18USC §1621: Perjury generally................................................. ......... 34

18USC §1951: Interference of Interstate Commerce..................................... 8, 9, 19, 33

18USC §1956 & §1957:  Laundering of Money ................................... 21, 35

18USC §1961: Definition of Racketeering ...............................................5, 18, 25, 26, 34

18USC §1962............................................................................... 5, 26

18USC §1965: Venue and Process ................................................ ......... 9

28USC §1331: Jurisdiction for federal question.............................................9

28USC §1334(a) Exclusive Jurisdiction............................................. 18, 29

28USC §1367 ................................................................................ 9

28USC §1738:  Certify of foreign judgment....................................... 19, 23

Section "754. Criminal Versus Civil Contempt", manual of US Attorney General............... 8

## Virginia Code

§ 8.01-262.5(a): Collecting venue in property located............................. ............... 16, 30

§8.01-247................................................................................................. 16, 30

§8.01-506C: ....................................................................................... 16, 30

§13.1-654.A........................................................................... ... ... 11

§ 13.1-728 ............................................................................. ... 24, 31

§18.2-7: Criminal Act not to merge civil................................................... ......... 8

§18.2-95: Grand Larceny............................................................... ...... 8

§18.2-111............................................................................... ...... 8

§18.2-434 Perjury.................................................................. ... 30

§18.2-435 Conflicted testimony at same issue perjury............................. ... 30

§18.2-411............................................................................. 19

§18.2-499 & 500............................................................... ... 13

## Nevada Revised Statutes

§ 78.379  ...................................................................... ... 8, 20, 31

§ 193.130.2(c) ................................................................... ... 34

§ 239.330.................................................................... 34

## Laws of the District of Columbia

Columbia false claim act.............................................................. 35

## Preface

This case is relative to the existing case 1:17-CV-02334(KKC), Chien vs Mary L Ransom ("Ms. Ransom") et al, in which, Andrew Chien ("Chien") wanted to add Richard J Freer ("Freer") as a defendant. But, it met two conflicted problems: (1) it takes long time to resolve the objection from Ms. Ransom et al.; (2) there are four years of time bar for alleging Freer's fraud of Racketeering, which took some material actions in September of 2014. Based on the consideration that it is fair to both Chien and Freer for issuance of summons to Freer in August of 2018. This is why Chien submits the independent lawsuit to this Court, which didn't mean that the objection of Ms. Ransom et al to add Freer as defendant has any merit. Chien will file response in that case timely.

## I. Summary of Action

1. Plaintiff Andrew Chien ("Chien"), appearing as pro se, filed the Complaint following the facts and belief to allege violations of common law of tort, Securities Laws, and acts of Racketeer Influenced and Corrupt Organization ("RICO"), "18USC §§ 1961-1968". Especially, Chien suffered offenses in "18USC §1962 (d)conspiracy", and "18USC §1962(a), (b), (c)" while defendant Freer had unjust enrichments. To cite "18USC §1962 Prohibited activities", the alleged engaged racketeering pattern, defined in "18USC §1961(5)", will be at least two of the predicate acts in past ten years, the predicate acts are included in the definition of "18USC §1961(1)(A)&(B)&(D)". Especially, 18USC §1961(1)(D) has general definition in this case:

> "18USC §1961(1)(D): any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities…. punishable under any law of the United States".

The Chapter 11 fraud outside of the bankruptcy court, included events of Commonwealth Biotechnologies Inc ("CBI") under Chapter 11 between 1/20/2011 to 11/12/2013, in which Freer

was the only controlled operator of CBI, and the securities fraud relative to securities of both

CBI and China Bull Management Inc (Ticker: "CHBM"), committed by Freer in different period.

2. This lawsuit only represents Chien's personal interests. Although Chien will mention the

damage of CHBM business and the loss of securities of many shareholders, Chien only alleged

Freer conspired with others to damage Chien's job, personal properties and reputation. Because

all the properties were under custody of Chien, and now they lost, shareholders made complaints,

Chien suffered fiduciary duty for the China Bull Management Inc ("ticker: CHBM ") and

shareholders. Chien lost business in both his personal and the corporation of CHBM.

3. This lawsuit is concentrated:

(1) events directly took places in this district,  regarding Freer in conspiracy with Ms.

Ransom and other employees of Securities and Exchange Commission ("SEC") to make false

identities of officers and corporation of CHBM in SEC (such as to use 12/1/2016  registered VA

company replacing CHBM of a  Nevada company then; claiming himself as Director of CHBM;

fabricating Vincent McNelley as Secretary etc),  falsified filings of SEC (8-K dated 2/15/2018),

with purpose to aid Freer to finish the RICO, to aid Freer to hide fabricated security, money

laundering, grand larceny, perjury, extortion against Chien and CHBM and other shareholders,

and  to aid Freer of destroying Chien's civil right to run the business of a public company.

(2) events took place in other jurisdictions, but Freer in conspiracy with Ms. Ransom and

other, intended to conceal the disclosure requirement of Freer when Freer becomes a falsified

director to control the operation of  the public company of CHBM. Here some examples:

(i) Although Freer got $1.6 million defamation award based on his CBI's compensation

"loss" claims from Chesterfield County Circuit Court of VA on September 8, 2012 under case

12-485, but he should disclose to SEC and public that

6

(A) he had bankruptcy history to run a public company of CBI;

(B) that judgment was made under the period of CBI's Chapter 11, in which Freer solicited the state court to interrupt the jurisdiction of the US Bankruptcy Court. So, it committed subject error by §720 of Revised Statute (1874), established over 160 years ago, as well as "11USC §503(c)(1)(A)" and "28USC §1334(a)" to specify US exclusive jurisdiction to determine Freer's compensation. In Case: Kalb v. Feuerstein, 308 U.S. 433 (1940), Supreme Court:

> "The *action of the state court* in this case in proceeding contrariwise, without the consent of the bankruptcy court, was not merely erroneous, but *was in excess of its authority*, void, and subject to collateral attack." (p.438) (emphases added)

(C) that judgment was based on Freer's complaint of the CBI's shareholder meeting in March of 2011 in which former Chairman of CBI suggested to cancel all compensations of officers including Freer, which was approved by SEC on January 14, 2011. Further, Freer attacked Chien in CBI 341 meeting to complain Freer fabricated 2010 compensation in Chapter 11 process, which was verified by the deficiency between Freer's claim in Chapter 11 and audited Financial Statements of CBI of 10-Ks for year 2010 or 2011. Therefore, the defamation didn't exist, Freer committed embezzlement of CBI, was not qualified as a director of CBI

(D) that judgment is default judgment; therefore, the merits of subject error, Freer's destruction of the shareholder meeting and engaged embezzlement during Chapter 11, didn't be addressed, and that judgment is not qualified for the Doctrine of Rooker-Heldman.

(E) Chien here doesn't ask this Court to change any judgment of the VA State Court. But, Chien asks this court to order Freer to disclose the fraud. Because from common law, the $1.6 million judgment plus 6% of interests per annum is Freer's big wealth, and he has the liability to approve that his obtained wealth is without any fraud in his SEC filing of proxy. But now, Freer escaped the proxy procedure to replace Chien as to control a public company which is

conspiracy.

(ii) Freer committed racketeering in VA debt collection by:

(A) conspiracy with others in VA in illegally incarcerating Chien for 1148 days under "civil contempt", which is illegal and evidenced from Judge Frederick G Rockwell III ("Judge Rockwell") issued order dated 5/27/2016, in Chien's "Writ for Habeas Corpus", CL.16HC1123 of Chesterfield County Circuit Court of VA. Therefore, to incarcerate Chien in VA is to violate Amend IV and XIV, as well as VA Code "§18.2-7 Criminal act not to merge civil remedy", or Section "754. Criminal Versus Civil Contempt", manual of US Attorney General.

Especially, US Bankruptcy Court for CT accepted Chien's personal bankruptcy application in July of 2013, which took subject and personal jurisdiction from VA Court, but Freer in conspiracy with others, still held Chien in VA under incarceration.

(B) committed "18USC §1951- Interference with commerce by threats or violence", which included:

(a) prevented Chien on behalf of CHBM to timely make SEC filings, IRS tax forms, and renew Nevada annual license and officer annual lists etc.;

(b) forged a stock certificate No.1073 of CHBM, to claim 90% share ownership without SEC filing, and shareholders voting to approve; and Freer violated Exchange Act of 1934, and Nevada Revised Statutes ("NRS") "§78.379".

(c) making a falsified CHBM shareholder meeting on 11/18/2014, falsified himself as director of CHBM without any SEC filing;

(d) stealing cash of CHBM for personal use;

(e) making two falsified CHBM annual officers listing for year 2014 and 2015 in Nevada, which had been corrected by Nevada State;

8

(f) fabricating Vincent McNelley as Secretary of CHBM.

(g) wrongly occupied stock certificates of many shareholders.

(C) Chien didn't ask this Court to directly make judgment of the liability of Chien's incarceration which was performed by Sheriffs of Chesterfield County of VA. However, there is no problem for this Court to affirm the above alleged seven events under "18USC §1951", because it is relative to Freer's SEC filing, in which Freer should disclose the conspiracy, and what he with others did in 2014 was against Chien's will by threat through incarceration.

Because Judge Rockwell consisted to reject VA Debt Collection, Chesterfield County Circuit Court of VA never approved any events happened during Chien's incarceration. Although the District Court of CT denied Chien's complaints twice, it depended on different causes, nothing involved any merit of whether Freer violation of interference of the business of CHBM including various securities laws. It is Freer's duty to dispute the merits of Chien's allegations.

## II. Parties

4.  Plaintiff  Andrew Chien ("Chien"), a resident of CT, 665 Ellsworth Avenue, New Haven, CT 06511. Tel: 203-5628899

5. Defendants (a) Richard J Freer ("Freer"), (b)China Bull Management Inc (VA). Both are at same address: 8110 Westbury Drive Henrico, VA 23229. Tel: (804) 337-0784

## III. Jurisdiction and Venue

6. This court has both subject matter and personal jurisdiction over defendants due to "28USC §1331", "18USC §1965(a)", supplemental jurisdiction of "28USC §1367", because both did regular business in this district for doing SEC filings.

## IV. Brief of the Case

**Part 1. VA Judgment Debt Created from Subject Error**

7. The confliction between Freer and Chien initiated in 2011, when Chien was hired as agency on behalf of CBI, a VA small public company in bankruptcy under Chapter 11, to do SEC form filing and manage a shareholder meeting.

During Chapter 11 of CBI, Freer was the only operating director. Chien found Freer on 2/3/2011, engaged embezzlements by claiming CBI unpaid him compensation of $158, 519 in pre-petition, which major consisting of (1) Unpaid stock option of $52,500 (2) 2010 unpaid of compensation cash over $97,582.  However, following 10-k indicating Freer's 2010 compensation was fully paid:

**10-K for Year 2010 Filed on 05/04/2011**

**Item 11.Executive Compensation**

The following table sets forth the compensation paid to or earned by (i) the Chief Executive Officer, and (ii) CBI's two other most highly compensated executive officers (collectively, the "Named Executive Officers") during each of CBI's last two fiscal years:

| Name and principal position[1] | Year | Salary ($) | Bonus ($) | Stock Awards ($)[1] | Option Awards ($)[1] | All other Compensation ($) | Total ($) |
|---|---|---|---|---|---|---|---|
| Richard J. Freer, Ph.D. | 2010 | $ 104,915 | — | $ 19,600 | — | — | $ 124,515 |
| COO | 2009 | $ 116,104 | — | $ 6,300 | — | — | $ 122,404 |

[1] Amounts reflect the dollar Value on grant date for the fiscal years ended December 31, 2010 and December 31, 2009, in accordance with ASC Topic 718.

8. CBI went into public as early as 1992, and its common stock reached above $20 per share in 2000, and later collapsed into $0.02 after entering Chapter 11. This is the reason why the stock option granted for Freer was valueless, because the exercised price in option was higher (above $3) than that of the market price, and Freer didn't want to exercise these options. Freer's claim of $52,500 unpaid option on 2/3/2011 was false.

9.  Due to normal business schedule, CBI should have 2010 shareholder meeting in October 2010 to elect new directors and approve the compensation of officers. At that time, CBI's

Chairman was Bill Guo, who has lived in China, had plan for the shareholder meeting to cancel all paid positions of directors and officers due to business liquidation. But Freer conspired with another counsel Bradley A Haneberg ("Haneberg") by canceling schedule of the election of directors and approve the officer compensation in Haneberg's SEC proxy filing dated 10/28/2010. After Bill Guo's demand and complaint, on Jan. 4, 2011, Haneberg sent another letter to SEC attached opposite proposals from both Bill Guo and Freer etc., with his suggestion to protect Freer's interests. of not including election, which was rejected by SEC. SEC on 1/14/2011, approved Bill Guo's proposal to cancel compensation for all officers including Freer.

10. Haneberg conspired with Freer by not distributing SEC letter of 1/14/2011 to all other directors for calling 2010 shareholder meeting because he understood Freer would have been removed if the shareholder meeting had been called in January of 2011. Then Bill Guo hired Chien as CBI agency for both making Edgar filing and directly calling shareholder meeting in March of 2011, with term any dispute should be in CT Court. As Chairman, Bill Guo had right to do so, following by-laws of CBI. Bill Guo filed CBI's two 8-K dated 3/9/2011 and 3/11/2011 respectively to announce the shareholder meeting with primary disclosure of Freer's embezzlement in Chapter 11 which caused panic of Freer. The shareholder meeting was going very well with over 95% voted shares to support Bill Guo. But Freer together with Haneburg in conspiracy, cancelled and destroyed the meeting by violating both VA Code "§13.1-654.A" and "Section 14 Proxy" of Exchange Act of 1934.

11. The payment of Freer's claimed falsified unpaid compensation, had waited for over two years, and materialized in April of 2013. Chien's periodically attending CBI's Chapter 11, was a threat to his embezzlement. For the purpose to suppress Chien, and obtained more unjust enrichment from Chien, Freer at Allen, Mr. Clark, LeClairRyan on 2/17/2012, filed a defamation

11

lawsuit of Complaint ("F-Compl"), Case CL.12-485, VA Chesterfield Circuit Court, against Chien. Because embezzlement is serious crime with maximum sentence up to 20 years imprison due to VA code "§18.2-111" and "§18.2-95", therefore, to engage conspiracy and hide Freer's CBI embezzlement was critical in F-Compl. Therefore, Freer disguised his embezzlement under false claim of unpaid salary in 2010, as loyalty to CBI, showing in ¶34, 44 and 61 of F-Compl,

> "34. Because of his (Freer's) *loyalty* to CBI and its shareholders, Dr. Freer has *not taken a full paycheck* since May of 2010. For June and July 2010, Dr. Freer voluntarily reduced his salary by 50% per cent. From August of 2010 ..., Dr. Freer received a salary of 0 ......"

> "44....... As stated above, Dr. Freer received *no salary* from August 2010 through April 2011."

> "61. ...... Dr. Freer ..., did *not* receive a full salary......, did *not* receive a full salary ......" (emphases added)

12. In ¶8,29-37,62,74(b)&(c) of F-Compl, Chien's true comment in §341 meeting to doubt Freer falsified 2010 compensation of over $200,000, was widely attacked as defamation, such as Chien made "defamation statements" of "painting Dr. Freer as a CEO who put his personal economic interests above CBI's in breach of his fiduciary duty" (¶29,31,38 of F-Compl) and "Dr. Freer took, and intended to take, scarce CBI cash resources while the company was in bankruptcy" (¶31,43 of F-Compl). These attack words were false statements against Chien.

13. For deceiving the Courts of VA, Freer, and Mr. Clark etc., presented the only evidence of Freer fabricated CBI Compensation Table to several Courts in VA to masquerade Freer's embezzlement as evidence of high income as "successful businessman". Following paragraph was cited from "Opposition to Petition's Motion to Disqualify" filed on December 20, 2013 by Mr. Clark and LeClairRyan in VA Supreme Court on case: 131044:

> "The evidence clearly was relevant. The table shows that Dr. Freer was a *successful businessman* earning around $200,000 a year (EX.1). Chien defamed Dr. Freer with allegations that Dr. Freer breached his fiduciary duties to CBI and *misappropriated its*

*property* (Comp. ¶38-51)……, the table of **Dr. Freer's compensation was evidence**…… relating to Dr. Freer's damages. Dr. Freer **accurately** related the history of his case" (emphases added).

14.. Freer's Complaint is for his compensation "loss", as shown:

"67. As a proximate cause of Guo and Chien's defamation, Dr. Freer has suffered **substantial compensation damages, loss of future wages and compensation**, and other monetary damages, as well as damage to his professional reputation in the biotechnology and pharmaceutical industry." [A109, Doc.#6]

"76. The actions of Guo and Chien have **directly** and proximately **caused** damage to Dr. Freer in an amount of at least $1,000,000." (emphases added) [A110, id]

"82. Furthermore, the actions of Guo and Chien have **directly** and proximately **caused** damage to Dr. Freer in an amount of at least $1,000,000". [A111, id]

15. By abused process, Freer at Mr. Clark, and LeclairRyan obtained the default judgment on 6/8/2012, then under to grant Freer's "Motion IN LIMENE" by not allowing Chien defending himself innocent in trial and to strike Chien's filing again. After a damage hearing on 7/30/2012, VA Chesterfield Circuit Court, on 8/9/2012, made a rubber-stamp on "Final Judgment" which Mr. Clark, Freer wanted: there was $500,000 for Freer's CBI compensation award, with penalty for triple due to VA Code "§18.2-499 &500", plus $100,000 legal fee with total amount for $1,600,000, plus 6% interests per annum.

16. Freer, Mr. Allen, Mr. Clark and LeClairRyan abused the VA Code "§18.2-499 & 500" to obtain triple damage, because the law only applied to damage of business, not damage of personal employment.

17. During Chapter 11 of CBI, the Bankruptcy Court dominated the jurisdiction of the past and current compensation claims of all employees, including Freer, and made decision when and how to pay Freer as follows:

(a) On 1/27/2011, the Bankruptcy Court made order to designate Freer to perform the duty on behalf CBI in Chapter 11.

(b) On 2/7/2011, the Bankruptcy Court appointed Unsecured Creditor Committer, pursuant to "11USC §1102", with purpose to supervise operation of CBI.

(c) On 6/20/2012, Bankruptcy Court changed Freer's employment from Full time to part time consultant, and cut payment to half. After April of 2013, Freer got no payment because CBI had no assets left, despite that Chapter 11 was closed in November of 2013. 75 years Freer lost his job, was by CBI's business fail, no cause by Chien.

18. On 1/4/2013, CBI announced Amend Reorganization Plan with following terms of jurisdiction:

### ARTICLE VII
### JURISDICTION OF THE COURT

*The Court shall retain jurisdiction of this Chapter 11 Case* pursuant to and for the purposes of § 1127(b) of the Bankruptcy Code and for the following purposes:
. . . . . . . . . . . .
*(b)Determine any and all applications for compensation and reimbursement*.

### MISCELLANEOUS PROVISIONS

. . . . . . . . . . .
**F**. **Courts Of Competent Jurisdiction**
If the Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of this Plan, *such abstention, refusal or failure of jurisdiction* shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by *any other court having competent jurisdiction with respect to such matter*."(emphases added)

19. *Since the Bankruptcy Court never abandoned its jurisdiction on the compensation claim of Freer, therefore VA Chesterfield Circuit Court committed subject error* by to award Freer's compensation damage on Aug.9, 2012.

**20**. Further, Freer's personal interests and compensation claims were emphasized in the Reorganization Plan in several places:

(a) it listed wages and salary of operating the business as allowed expenses. It also listed "Summary Schedule", made by Freer on 2/3/2011 as allowed.

14

4. Administrative Claim(s) and/or Administrative Expense(s): A Claim for costs and expenses of administration of the Chapter 11 case Allowed under §§ 503(b), 507(b) or, if applicable, 1114(e)(2) of the Bankruptcy Code, including: (a) any actual and necessary costs and expenses incurred after the Petition Date of preserving the Debtor's Estate and operating the business of the Debtor (such as *wages, salaries*, commissions for services and payments for inventories, leased equipment and premises)

7. Allowed: With reference to any Claim or Equity Interest (i) any Claim or Equity Interest against the Debtor which has been listed by the Debtor *in the Schedules*,

(b) it listed Freer as member of Executive Committee:

"59.   Executive Committee: Mr. Freer, Mr. Samuel P. Sears, Jr. and Mr. James D. Causey."

(c) it listed Freer's various claims:

"72. Freer: Richard Freer, Ph.D., the Debtor's Designee in this bankruptcy case.

73. Freer Claims: Unsecured creditor claim is $158,519 (One hundred fifty eight thousand five hundred nineteen). Post-petition accrued wages of $156,068 (One hundred fifty thousand sixty eight) as of September 5, 2012.

74. Freer Auction Claim: Unsecured claim in the amount of $146,974.02.

75. Freer Exchange: At his sole discretion, Freer may exchange 25% of the Freer Post-petition Claim (which is approximately $39,017 assuming General Unsecured Claims are paid 100% of allowed amount) for common stock at the market price average for the 5 previous trading days."

(d) it listed Freer auction claim under title

"114. Stalking Horse Offer":

(e)  it listed "CLASSIFIED CLAIMS AND THEIR TREATMENT" with bank secured debt listed as class one, and general unsecured claim (including Freer's claim) listed as class 6. This is the reason that majority of Freer's claimed compensation not being paid timely, only paid in lump-sum in April of 2013 when there was money left and capable for payment.

(f) There is no mention of Freer's additional CBI employment compensation award from VA Chesterfield Circuit Court, because that order was void.

From the detail of the reorganization plan of CBI, Freer was a member of CBI compensation committee, and his asked money was well paid. There was no Chien causing Freer compensation

15

loss.

### Part 2.   VA Debt Collection from Day One Committed Subject Error

.   21. (a) Freer certified VA Award in CT Superior Court since 9/26/2012, Docket: NNH-CV-12-4053717-S, which has been active till today. To initiate VA Debt Collection by Freer. Mr. Clark and William K Grogan ("Grogan") ("Freer Parties") on 1/4/2013 committed subjection error, venue error, territorial error, and violation of Amend V.

(b)  In debt collections of both CT and VA, the parties and the issue are identical. VA Code "§8.01-247 When action on contract governed by the law of another state or country barred in Virginia". CT debt collection is the execution of the contract of debt collection, and Chien's property (i.e. "subject") locates in CT. VA debt collection, initiated on 1/4/2013 over three months later, committed subject error.

Further, Freer deserved class 1 of misdemeanor charge by "§8.01-506(C)" because he at Attorney Mr. Clark to falsely certificate there was no debt collection against Chien in past six month in submitting to Chesterfield Circuit Court, the Form of "Summons to Answer Interrogatories-VA Code §8.01-506":

> "I certify that I have *not proceeded* against the Judgment Debtor(s)under §8.01-506 within *six(6)* months from this date
>
> **01/04/2013**                                   **Andrew Clark**
> Date                                   Creditor's Attorney" (emphases added)

(c) "15 USC § 1692i(a)(1)" and VA Code "§8.01-262.5(a)" specified debt collection at the location where property locates. Also "§8.01-506 E" with principal of venue convenience for debtor. Proper venue should be in CT.

(d) Territorial error. CT has its own sovereign, and exclusive right on Chien's property. VA action committed Territorial error.

(e) Debt collection in two States simultaneously and treated Chien under criminal procedure

in VA, put Chien in the risk of double jeopardy, violation of Amend V.

(f) As later in details, VA debt Collection concentrated cash and other assets of CHBM and other shareholders, which are not parties of the debt collection.

22. The subject error of Freer Parties in VA was easily identified when Chien applied personal bankruptcy in Bankruptcy Court of CT on 7/19/2013, where the trustee was assigned to manage Chien's personal property. In general, the acceptance of Bankruptcy application created automatically "Order for Relief" (11USC §301 (b), 302(a)), and "the filing of a petition 'operates as a stay', applicable to all entities" (11USC 362(a)). VA debt collection should be stopped. The Bankruptcy Court of CT arranged a conference call on 11/7/2013, despite that Trustee Ms. Rescia was deceived by Grogan that his action was approval by Judge Rockwell. But, Hon Judge Manning of the Bankruptcy Court wanted Grogan to release Chien, by made comments: (1) that debt collection is civil act, can't use criminal punishment; she said: "[w]ith Mr. Chien being incarcerated, he does make a valid point that he can't comply with Chesterfield Court's orders if he's in jail, and I agree with that"; and (2) asking Freer's counsel to draft an order to release Chien. But, Freer Parties at Grogan rejected to release Chien after the hearing.

Notes of Advisory Committee on Rule 9020 has clear language that there is no [debtor] criminal court contempt in Bankruptcy proceedings.

23. Any order of the State Court, which interrupted bankruptcy, is void. In Case: Kalb v. Feuerstein, 308 U.S. 433 (1940), Supreme Court

"The ***action of the state court*** in this case in proceeding contrariwise, ***without the consent of the bankruptcy court***, was not merely erroneous, but was ***in excess of its authority, void, and subject to collateral attack***." (p.438) (emphases added)

### Part 3. VA Debt Collection for Invading Interests of Third Parties

24. Chien was arrested twice when he attended hearings of CBI's chapter 11. First time's

17

arrest was on 2/28/2013, and released on 3/2/2013. In Grogan order dated 03/02/2013, Freer Parties wanted Chien to deliver cash of third party such as CHBM, which has about 40 shareholders, and the cash generated from sale of partial shares to them. After Chien was back to CT, Chien submitted all cash of his personal joint account to Freer Parties, rejected to submit the cash of CHBM.

25. The second arrest was dated 5/8/2013, when Chien attending CBI's Chapter 11 hearing. At that time, Chien discovered and verbally objected the Motion dated 4/26/2013, filed by Mr. Clark, etc., on behalf of LeClairRyan, with intention to steal additional about $34,000 from CBI to pay Freer's legal fee in Chien's another counter suit of District Court of CT under case: 12CV01378(AWT). As shown in the transcript of that hearing, Judge informed Chien any objection should be in writing, and the deadline for submission objection was 5/20/2013. Chien's verbal objection caused Freer Parties to retaliate Chien for whistleblower. Chien was arrested on 5/8/2013 after the hearing. Then Chien was solitarily incarcerated for three days, in a small cell without window and without access to yard, not allowing to read and write, or to access any of his personal belongings, which made Chien losing memory, suffered chilling and high blood pressure, and physically impossible to write any objection. To retaliate the whistle-blower with solitarily confinement is intentional tortious, deprive of Chien's human right, and racketeering act. Of course, this is offenses of "18USC §1512 (a)(2)(B)(i)", and "18USC 1961(1)(D)".

26. Further, Grogan abused the standard imprison procedure by escaped the magistrate, who gave Chien notice that Chien will be bailed out at bond of $1,000 if Chien missed the Grogan's hearing of 4/2/2013.

27. After depressed Chien for CBI's embezzlement issues, Grogan, Mr. Clark, Freer, conspired with then alternative Clerk Craze to impersonate Grogan as a judge by wearing robe of

18

the judge, and sat in the Courtroom of VA Chesterfield Circuit Court on 5/7/2014, signed the order, ghost-written by Mr. Clark, and ordered to deliver "the specifying the documents and property" of the "March 2, 2013 order" to "Commissioner in Chancery, and/or to the Judgment Creditor's counsel". It was clear that Grogan, or Mr. Clark wanted the cash of CHBM, because Grogan is paying himself with the confiscated money from cases, corrupted operation of criminal process, VA Code "§18.2-441".

28. Due to Chien's continuous rejection to use the cash of CHBM paying his personal judgment debt, Grogan, Mr. Clark, Freer conspired to fabricate Freer as president of CHBM to steal the cash of CHBM. But, the original documents of CHBM and many shareholders stock certificates located in CT, which Grogan etc., had no jurisdiction over them due to the subject error. Then Grogan, Mr. Clark, Freer at LeClairRyan's CT Counsels, deceived and cheated CT Superior Court, under veil of VA camera hearing, to solicit shipping documents from CT to VA. Further, Freer Parties falsely claimed Grogan's orders were the orders of VA Chesterfield Circuit Court, under concealment that VA Chesterfield Circuit Court rejected to follow "28USC §1738" to certify Grogan orders to CT.

29. Later, Freer Parties committed mail fraud and wire fraud, "18USC §1931&§1934", and to interrupt the interstate commerce "18USC §1951", and using interstate transportation to aid Racketeering "18USC § 1952", in September of 2014, by shipped eight boxes of documents including about 50 stock certificates in several companies, owned by about 20 shareholders, from Chien's original office in CT to Grogan owned firm: William K Grogan & Associates of VA – an underground firm without registration. Till today, these goods didn't have a list, value, or return to Chien.

30. After these shipped to VA's Grogan office, there was never a camera hearing, and never

19

gave Chien a list of items, or gave a value of these assets. However, seven month ago, on 2/18/2014, Grogan issued a secret order, ghost-written by Mr. Clark, entitle "Order Directing Delivery of Securities Pursuant to Virginia Code "§8.01-507" to order Island Stock Transfer, Florida ("Island") issuing a stock certificate of China Bull Management to Freer replacing Chien, with term not to serving Chien until the job done. There was no Motion procedure, and Grogan didn't submit any report to VA Chesterfield Circuit Court for approval, but conspired with then Clerk Worthington to make a falsified court certificate. Finally, they let Island fabricating a stock certificate No.1073 of CHBM in the name of Freer to replace Chien's original. In that stock certificate, two signatures were used: one is Andrew Chien as President; another Kin Yuet Li as Secretary. Neither of them gave Island the authority to use the signatures in Freer's stock certificate, which is forged as defined in "18USC §513- Securities of the States and private entities:

> (c) For purposes of this section—
> (2) the term "*forged*" means a document that purports to be genuine but is not because it has been *falsely* altered, completed, *signed*, or *endorsed*……"(emphases added).

Further, "18USAC 513(b)" indicates that Freer can't possess the stock certificate of CHBM:

> "(b) Whoever *makes*, receives, *possesses*, sells or otherwise *transfers* an implement designed for or particularly suited for making a counterfeit or forged security with the intent that it be so used shall be punished by a fine under this title or by imprisonment for not more than ten years, or both." (emphases added).

31. CHBM is a public listed company, and registered in Nevada. Any big quantity of the control shares change must be approved by majority of non-control shares, NRS 78.379, under a proxy with filings at SEC. But, Freer Parties did nothing for filing except privately fabricating some documents for defense of themselves in Chien's counter-suits: Freer made a false shareholder meeting of CHBM, claimed himself as Chairman and President of CHBM without any SEC filing, and no any shareholder voting for him, then he illegally voted for himself;

20

further, by the false identity to steal the cash of CHBM. After Chien discovered and made complaint, Freer fabricated a board meeting minute to fabricate McNelley as acting Secretary to meet the requirement of any public company having at least two officers by disguising McNelley as CPA, but the CPS license was suspended on 9/30/1993. In that minutes, Freer claimed to close CHBM business and distribute cash to every shareholder, but none of them received any distribution notice or cash.

Later, Freer pledged that forged stock certificate to Mr. Clark and LeClairRyan for sharing the unjust enrichment.

32. Under manipulation of both Grogan and Mr. Clark, Freer, on 11/18/2014, secretly entered into website of Nevada State to file a falsified officer list of CHBM to claim that he was both President, and Secretary of CHBM of year 2014. On 11/19/2014, he opened an account of CHBM in Wells Fargo Branch of Richmond and VA. On 11/19/2014, he filed form in People's United Bank to withdraw all cash of CHBM, and took the cash secretly on 11/26/2014, then paid Grogan, and Mr. Clark, which is money laundering, "18USC §1956 & §1957".

33. After the money laundering, there was a hearing dated 12/9/2014. Mr. Clark claimed Freer were president of CHBM, and he and Freer wanted to keep records of all corporations (at least 5 corporation records there), such as bank records, wire transfer records, and stock certificates, and a laptop computer. If Chien agreed, Grogan inclined to release Chien. But, Chien pointed to Freer Parties that "you engaged too many grand larcen[ies]. This time you take corporation money off. Who gave you rights take the corporation [money] off".

On 12/18/2014, Freer and Mr. Clark arrived at the jail to threaten Chien verbally that Chien would stay in jail for lifetime without criminal procedure if Chien didn't sign any confession. But. Chien still rejected

21

### Part 4. Chien Tries to Recover CHBM Operation after Released

34. After Chien released on 06/27/2016, CHBM missed to file many required documents. (a) Nevada: no annual officer list for year 2016, which should be filed before 12/31/2015; (b)SEC: No any 10-K and 10-Q filed since 1st Quarter of 2013; (c) IRS: missed tax forms since 2013.

CHBM filed 8-K of SEC to announce the shareholder meeting results of 7/10/2016, and with 100% voted shares to elect Chien as president, and to reject Freer becoming a controlled shareholder. Nine shareholders under oaths, verified that they didn't elect Freer, and not receive any cash dividend as liquidation as claimed by Freer when he stole cash, and they wanted their stock certificates back. In October of 2016, Chien completed all missed 10-K and 10-Q until 3rd quarter of 2016. But due to interruption of Freer with Ms. Ransom, CHBM missed 10-K of 2016, and all 10-Qs for year 2017.  In April of 2017, Chien submitted all missed tax forms to IRS.

35. On January 31, 2017, Nevada State successfully corrected the officers list of CHBM for year 2014 and 2015 that Chien was president and Mr. Li was Secretary.  All corporation documents in Nevada and other public such as websites of  FINRA, Google, Yahoo, Bloomberg, New York Times, E*Trade , Scottrade, ……etc., to show that Chien is president, and owned 90% of shares of CHBM. The falsified stock certificate has been ignored by all public in past over three and a half years. Why? Grogan's order is non-judicial. CHBM ownership isn't the subject matter of either Grogan, or VA Court.

### Part 5.  Freer's Conspiracy with Ms. Ransom

36. After Chien released, Chien wanted to recover his real control of CHBM. Since CHBM isn't party of any lawsuit, and there was no court order existing against CHBM, therefore, none of VA Courts has jurisdiction to interfere the business or operation of the Company. After Chien made complaint in December of 2014 regarding the grand-larceny of Freer Parties, Chesterfield

Circuit Court of VA never accepted any orders of Grogan regarding CHBM as the orders of the Court, by rejecting to publish these orders on the Docket of 12-485 despite that Grogan requested, and rejected to send "the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form", as required "28USC §1738", to different jurisdictions. Even Grogan's order dated 2/18/2014 to order Island making a stock certificate for Freer, was not in the Docket of 12-485. Therefore, Freer Parties never can approve the legality of Freer as President and Director of CHBM, especially CMBM has shareholder meeting on 7/10/2016 to reject Freer as a control shareholder of CHBM, and elected Chien as the only director.

37. Contrary to never make any SEC filing of CHBM during the period when Chien lost freedom, Freer repeatedly wants on behalf of CHBM to making SEC filing now. On 12/1/1026, Freer registered a company in VA using the same name of CHBM and listed him one person as all officers without any position for Vincent McNelley.

On 12/9/2016, Freer made a falsified form in SEC to claim President of CHBM, and wanted to replace Chien doing Edgar filing. Chien rejected and made CHBM 8-K filing on 12/29/2016 to announce to move CHBM to Wyoming.

38. On 2/3/2017, Freer conspired with Ms. Ransom to halt Chien on behalf of CHBM to make any SEC filings.

39. In 2017, Freer sent SEC a copy of his order dated 11/22/2014 to assign Vincent McNelley as acting Secretary of CHBM. However, on 12/30/2014 and 12/15/2016 respectively, Freer twice made filings in Nevada to claim himself was Secretary of CHBM.

40. For six-times, Freer claimed Vincent McNelley is a licensed CPA but the license of Vincent McNelley expired in 1993, twenty-five years ago.

23

41. On 5/27/2017, Freer made a public notary to claim him as President and Vincent McNelley as Secretary. But, that document can't approve Vincent McNelley was present and made signature in front of the Notary.

42. Finally, Freer in conspiracy with Ms. Ransom on 2/15/2018, used false identity to make following 8-K filings:

> "After *__months of discussion with the SEC__*, EDGAR filing access for China Bull Management, Inc. (CHBM) (the "company") has been returned to the company. In the interim, *__several unauthorized filings__* have been posted. The market is hereby noticed that those filings, posted *__between July, 2016 and December, 2016__*, are not accurate and should not be relied upon when making decisions about the company. The company is working to bring filings current as soon as possible.

> SIGNATURES:
>> Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

>> Date: February 15, 2018    China Bull Management, Inc.
>>> By: /s/ Richard J. Freer, Ph.D.
>>> Name: Richard J. Freer, Ph.D.
>>> Title: *__President and Chief Executive Officer__*"  (emphases added)

43. After that filing of over five months, there is no proxy, no shareholder meeting to elect Freer as director, and no 10-Q or 10-K ever filed, which is significant fraud of securities laws. Even assuming Freer's VA company were real (in fact its false) of CHBM, but to change corporation control, Freer must follow VA Code to "issue control share acquisition statement" (VA Code § 13.1-728.4) and hold shareholders meeting (VA Code § 13.1-728.5) to vote and the "shares acquired in a control share acquisition have no voting rights unless voting rights are granted by resolution adopted by the shareholders of the public corporation (VA Code § 13.1-728.3(A)). Of course, Freer was clearly knowing no shareholder will vote for him. This is why he didn't make any filing.

44. The 8-k dated 2/15/2018 is false, Freer on 12/1/2016 in VA, registered a company by same name: China Bull Management Inc, didn't indicate its CHBM replacement. Since the copyright of the corporation name limits in every state, there is no restriction for Freer to use same corporation name in VA. But this Freer' company is totally different from the public listed company of Nevada from 12/17/2010 to 12/31/2016 and moving to Wyoming after 1/1/2017. Every state and territory have its own basic corporate code, while federal law creates minimum standards for trade in company shares and governance rights, found mostly in the Securities Act of 1933 and the Securities and Exchange Act of 1934, as amended by laws like the Sarbanes-Oxley Act of 2002. Therefore, Freer, under conspiracy with Ms. Ransom by using SEC constructive force, made a falsified identity, to rob the real company which has trading ticker: CHBM. In the same time, Freer's 8-k also created Freer's falsified officer positions of both President and CEO, to replace Chien, which is to rob Chien's intellectual properties.

### . Part 6.  One Evidence of Significant Business Damage

45. On March 30, 2017, CHBM obtained a merger offer of $300,000 cash plus some shares, which was damaged by Freer and Ms. Ransom.  The shareholders of CHBM suffered significant loss, which hurt Chien's job and reputation

### V. Argument

### Part 1. Freer Parties' Acts are Racketeering

46.. RICO acts are well defined in "18USC §1961" under wide criminal codes:

Freer Parties' frauds were relative to two public companies: CBI and CHBM. In CBI, they engaged both Chapter 11 fraud with process out of Bankruptcy Court, and securities fraud in which Freer issued huge quantity of CBI shares to himself, and making his ownership from 3% before CBI entered Chapter 11 to 40% when CBI finished Chapter 11 without legal procedure. In

25

CHBM, Freer engaged significantly securities fraud by fabricating stock certificate to wrongly occupy huge shares of CHBM, then stole cash and computers of CHBM, and stole many shareholders stock certificates. These acts are racketeering act as defined by "18USC §1961 (1) (D)" and any criminal code can be alleged here in civil case regarding

47. In United States v. Neapolitan, 791 F. 2d 489 (1986)- Court of Appeals, 7th Circuit commented:

> "RICO is not a criminal statute; it does not make criminal conduct that before its enactment was not already prohibited, since its application depends on the existence of *`racketeering activity' that violates an independent criminal statute*. In addition, its standards of unlawful, i.e., criminal or civil conduct are sanctioned by both criminal and civil remedies. ***RICO, in short, is a `remedial' statute."). Thus, the use of the term "RICO conspiracy," to the extent it is used to refer to a substantive offense that is distinct from any other conspiracy under 18 U.S.C. § 371, is to some extent a misnomer***. Section 1962(d), like the section's other provisions, is only applicable when the defendant has violated other laws in a context that implicates RICO (p.495)

48. One of Chien's allegation is that Freer committed "18USC §1962 (d)conspiracy". On-line dictionary WIKIPEDIA.ORG defines the difference between criminal conspiracy and civil conspiracy as:

> "A civil conspiracy or collusion is an agreement between two or more parties to deprive a third party of legal rights or deceive a third party to obtain an illegal objective.
>
> The criminal law often requires one of the ***conspirators to take an overt step*** to accomplish the illegal act to demonstrate the reality of their intention to break the law, whereas in a civil conspiracy, an overt act towards accomplishing the wrongful goal may not be required.
> ......
> **Conspiracies in violation of the federal securities laws such as the Securities Act of 1933 and the Securities Exchange Act of 1934 form another area where intense civil and criminal lawsuits occur over the existence or non-existence of an alleged conspiracy...**(emphases added).

### Part 2.  Chien's Constitutional Right to Run Business

49. The constitutional right run business to pay debt.

It is Chien's constitutional right to run business for living or pay the judgment debt. Chien's

shares of CHBM represented two issues: control business operation, and worth of value. To control business operation is Chien's civil right for job. Only Chien operated the business well, then these controlled shares will create decent money value for all relative persons, including Chien. Therefore, to pledge the money value of these shares to Freer is not to sell these shares to Freer, and Freer didn't have coerce right to purchase these shares:

> "**Pledge of stock** as collateral for loan to owner of stock was **not "purchase"** for purpose of §17(a) of Securities Act (15USCS §77g(a)) or 10(b) of Securities Exchange Act (15USCS §78j(b)), since **rights and privileges of parties are not affected by pledge in same manner as by "sale" or purchase.**" National Bank of Commerce v All American Assurance Co.(1978, CA5Tex) 583 F.2d 1295, CCH Fed Secur L Rep. ¶96609. (Emphases added).

Chien told Freer that the cash of CHBM, coming from the sale of company's shares to shareholders, was not the assets of Chien personal. However, CHBM possessing cash and business, will increase CHBM's value of shares, including the value of Chien's shares, which will be benefit for offset the judgment debt. To destroy property of CHBM is tort.

### Part 3. Significantly Violation of Securities Laws

50. Freer Parties significantly violated securities laws when Freer made claim of Director/President of CHBM twice: one was in 2014 for Nevada's CHBM, another was on 2/15/2018 for VA's CHBM.

(a) Freer must file a proxy to SEC, and send copies of the proxy to shareholders for non-affiliated shares to vote for approval when he will acquire 90% shares, and operate CHBM.

Freer Parties violated Exchange Act of Section 14(a)(1) (unlawful to acquire securities in contravention of rules), 14(d)(1)(statement's filing in SEC and distribution among shareholders are required in acquisition of more than 5%), 14(d)(4) (any process of bid shares should follow the rules), 14(e) (deceiving and fraud not permitted), 14(f)(SEC filing required), 14Ab(1)&(2) (to disclose executive compensation in his acquiring huge shares, and shareholder approval

27

necessary), 14B(corporation governance to disclose the reason of changing control or director).

(b) Freer didn't file any financial statements of 10-K or 10-Q of CHBM, which violated Section 13(a) and 15(d) of Exchange Act.

(c) Freer violated "17CFR 240.14f-1 - Change in majority of directors", which required to file report on Form 14f-1 to SEC within 10 days after Freer became only director of CHBM.

(d) Freer violated "17CFR 240.13d-1 - Filing of Schedules 13D and 13G", because "17CFR 240.13d-1(a)" requires that anyone who acquires beneficial ownership of more than 5% of any class of publicly traded securities in a public company, *files Form of Schedule 13D in SEC within 10 days.*

(e) Freer violated "17CFR 240.16a-3- Reporting transactions and holdings", because "17CFR 240.16a-3(g)(1)" requires Freer report his ownership on *Form 4* at *the second business day* after the complete of the transaction due to *over 10% share* ownership and controlled the operation of CHBM.

(f) Freer with his conspirators offended "18USC §1348"

"18USC §1348 - Securities …… fraud Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to *defraud any person* in connection with any ….security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)); or

(2) to obtain, by means of false or *fraudulent pretenses, representations*, or promises, any money or property in connection with the purchase or sale…… any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d));

*shall be fined under this title, or imprisoned not more than 25 years, or both."(emphases added)*

(g) Freer deserved "15USC § 77x – Penalties" for felony penalty due to his securities law

28

violation.

(h) Missing SEC filings alone might suffer SEC severe penalty as shown in "15USC § 78ff –
Penalties.

## VI.  Counts

51. In the following counts, all facts and causes presented in this Complaint, will combine
together regardless of the ordinance of appearance.

Freer published 8-K on 2/15/2018 to change 90% ownership of CHBM, and became new
President which needed proxy procedure, but he escaped under conspiracy with Ms. Ransom.
His escape committed deceptive, cheating, intentional concealment, and tort.

### Part 1.  Common Tort Law & VA Code Violation Claim

52. Count 1.  Freer engaged tort by failure to make disclosure about his VA $1.6 million
award plus 6% interests per annum contained:

(1) that judgment was made under the period of CBI's Chapter 11, in which Freer solicited
the state court to interrupt the jurisdiction of the US Bankruptcy Court, and Freer's award
committed subject error by laws §720 of Revised Statute (1874), established over 160 years ago,
as well as "11USC §503(c)(1)(A)" and "28USC §1334(a)" to specify the exclusive jurisdiction
of US Bankruptcy Court to determine Freer's compensation;

(2) that judgment was based on Freer's complaint of the CBI's shareholder meeting in
March of 2011, but that proposal of that meeting was approved by SEC on January 14, 2011.
Further, Chien in CBI 341 meeting to complain Freer fabricated 2010 unpaid compensation in
Chapter 11 process, was true by audited Financial Statements of CBI of 10-Ks for both years
2010 and 2011. Therefore, the defamation didn't exist, Freer committed embezzlement, and
perjury in Financial Statement of CBI, was not qualified as a director of CBI due to VA Code

29

"§18.2-434 Perjury" and "§18.2-435" of conflicted testimony at same issue as perjury;

(3) that judgment is default judgment; therefore, the merits of subject error, Freer's destruction of the shareholder meeting and engaged embezzlement during Chapter 11, didn't be addressed, and that judgment is not qualified for the Doctrine of Rooker-Heldman.

52. Count 2   Freer failed to disclosure that his stock certificate No. 1073 of CHBM was made under the condition that he engaged intended tort by conspiracy with others to illegally incarcerate Chien in VA under "civil contempt", not "civil court contempt" because there was no any procedure of the judge involvement.  Freer failed to disclose: (1) his VA Debt  Collection initiated on 1/4/2013  without motion procedure, and contained a perjured affidavit submitted at his attorney Mr. Clark, which violated VA Code "§8.01-506(C)"; (2) his VA Debt  Collection violated VA Code "§8.01-247", "§8.01-262.5(a)" and  "§8.01-506 E" , and US Code  "15 USC § 1692i(a)(1)", and Amend V of Constitution to put Chien in double jeopardy; (3)the solid incarceration for 72 hours after Chien arrested on 5/8/2013 was for retaliation and preventing Chien from further engaging opposition of Freer's embezzling additional $34000 from CBI to pay his personal legal fee in District Court of CT; (4) he with others, made the conspiracy to interrupt Chien's personal bankruptcy in US Bankruptcy Court of CT.

53. Count 3. Freer failed to disclose that there was conspiracy of not to serve Chien, no motion procedure and no any judge to approve, when Grogan made an order on 2/18/2014 to Island Stock Transfer for make a CHBM stock certificate for Freer to replace Chien's.

54. Count 4. Freer failed to disclose that he claimed in Nevada as President of CHBM for years 2014 and 2015, was false which was corrected by Nevada State.

55. Count 5. Freer failed to disclose that he took cash of CHBM on 11/26/2014, was for his personal use by false identity that he was President of CHBM registered in Nevada.

30

56. Count 6, Freer made false corporation identity in 8-k filing dated 2/15/2018 by used the VA registered company, established on 12/1/2016 to replace the Nevada registered company which established on 12/17/2010.

57. Count 7. Freer violated VA Code "§ 13.1-728.4", "§ 13.1-728.5", "§ 13.1-728.3(A)" when he announced on 2/15/2018 that he was President and Director of CHBM registered in VA because he knew that no any other shareholder voted for him. Freer also violated "§78.379" when he claimed to acquire 90% shares of Nevada's CHBM in 2014.

58. Count 8. Freer invaded Chien's custody by concealed that he wrong occupied 50 stock certificates of about 20 shareholders without permission.

59. Count 9, Freer wrong occupied a laptop computer of CHBM, then gave Mr. Clark as partial payment of his legal fee.

60. Count 10.  Freer wanted to control CHBM for the purpose of retaliation of Chien's whistle-blower, because Freer never did any business for CHBM, or making any value for CHBM after he claimed as president of CHBM. For example: Freer wrong occupied a desk computer of CHBM, which installed Go-File software for making SEC's XBRL filing, but he never did any SEC filing as Chien did before, or replacing other business with value to CHBM.

61. Count 11. Freer fabricated Vincent McNelley as active Secretary of CHBM with CPA license for five times.

62. Count 12.  Freer failed to disclose CHBM is not a party of any lawsuit, and there is no judgment against CHBM.

63.  Count 13. Freer failed to disclose that for retaliation purpose, he currently wrong occupied Chien's many professional belongings without a list or a value since September of 2014.

31

## Part 2.    Securities Law Violation Claims

64. Freer made falsified claims of 90% share owner and President/Director twice: one was in 2014 for Nevada's CHBM, another was on 2/15/2018 for VA's CHBM.

Count 14. Freer failed to file proxy statement in SEC to claim himself as director with the company's money to pay him which violated Exchange Act of Section 14(a)(1)(unlawful to acquire securities in contravention of rules), 14(d)(1)(statement's filing in SEC and distribution among shareholders are required in acquisition of more than 5%), 14(d)(4) (any process of bid shares should follow the rules), 14(e) (deceiving and fraud not permitted), 14(f)(SEC filing required), 14Ab(1)&(2) (to disclose executive compensation in his acquiring huge shares, and shareholder approval necessary), 14B(corporation governance to disclose the reason of changing control or director).

65. Count 15. Freer didn't file any financial statements of 10-K or 10-Q of CHBM, which violated Section 13(a) and 15(d) of Exchange Act.

66. Count 16. Freer violated "17CFR 240.14f-1 - Change in majority of directors", which required to file report on Form 14f-1 to SEC within 10 days after Freer became only director of CHBM.

67. Count 17.  Freer violated "17CFR 240.13d-1 - Filing of Schedules 13D and 13G", because "17CFR 240.13d-1(a)" requires that anyone who acquires beneficial ownership of more than 5% of any class of publicly traded securities in a public company, files Form of Schedule 13D in SEC within 10 days. Freer also violated "17CFR 240.16a-3(g)(1)" by not to report his ownership on Form 4 at the second business day after the complete of the transaction due to over 10% share ownership of CHBM

68. Count 18.  Freer violated "17CFR 240.16a-3- Reporting transactions and holdings",

because "17CFR 240.16a-3(g)(1)" requires Freer report his ownership on Form 4 at the second business day after the complete of the transaction due to over 10% share ownership and controlled the operation of CHBM.

69. Count 19. Freer with his conspirators offended "18USC §1348", details see above 50(f).

70. Count 20. Freer deserved "15USC § 77x – Penalties", see above 50(g).

71. Count 21. Freer deserved "15USC § 78ff – Penalties", see above 50(h).

### Part 3. RICO Claims

72. Count 22. Freer violated "18USC §1951- Interference with commerce by threats or violence" which included (see above ¶3(2)(ii)(B)):

(a) prevented Chien on behalf of CHBM to timely make SEC filings, IRS tax forms, and renew Nevada annual license and officer annual lists etc.;

(b) forged a stock certificate No.1073 of CHBM, to claim 90% share ownership without SEC filing, and shareholders voting to approve.

(c) making a falsified CHBM shareholder meeting on 11/18/2014, falsified himself as director of CHBM without any SEC filing;

(d) stealing cash of CHBM for personal use;

(e) making two falsified CHBM annual officers listing for year 2014 and 2015 in Nevada, which had been corrected by Nevada State in 2017;

(f) fabricating Vincent McNelley as Secretary of CHBM;

(g) wrongly occupied stock certificates of many shareholders without permission;

(h) destroying CHBM business, and never making 1 penny revenue for CHBM.

72. Count 23. Freer violated "18USC §1951- Interference with commerce by threats or

violence" for USChina Venture I & USChina Venture II.

Chien built his own SEC reporting companies (aka. Form 10) of USChina Venture I & USChina Venture II. But on 3/23/16, SEC revoked the registration of the common stocks of USChina Venture I and USChina Venture II due to that the two companies missed to file timely the form 10-Q and 10-K, and didn't renew Nevada annually license since 2013, as a direct result of Freer's intentional tort to depriving of Chien's liberty in VA.

73. Count 24. Freer violated "18USC §1512(a)(2)(B)(i)", "18USC §1513(e)" to retaliate Chien's whistle-blower of Freer's embezzlements and prevented Chien from freely making counter-suits, by fabricated Chien's defamation and illegally incarcerated Chien in VA, and destroying Chien's business, properties, and reputation.

74. Count 25. Freer violated "18USC §1961(1)(A)" for extortion of money, because he conspired with others to incarcerate Chien, while he committed offenses of Nevada Code: NRS 239.330 to make false public records, which deserved felony charge from NRS "193.130.2(c)".

75. Count 26. Freer committed offenses of "18USC §1341 or §1343" of mail or wire fraud or "18USC §1952 Interstate transportation in aid of Racketeering enterprises" because he with others shipped assets of CHBM related parties such as CHBM itself and shareholders from CT to VA twice (one in September of 2014, another in December of 2015), by no list, then occupied.

76. Count 27, Freer committed offenses of "18USC §1001"by making several falsified documents such as Vincent McNelley as Secretary, ad false corporation identities to SEC.

77. Count 28, Freer committed offenses of "18USC §1621" of perjury by filing passphrase change form on 12/9/2016, by claiming him as President and CEO of CHBM respectively.

78. Count 29. Freer committed offenses of "18USC §513" by making, possessing and pledging the forged stock certificate of CHBM.

34

79. Count 30. Freer committed money laundering of "18USC §1956 & §1957" by stealing cash of CHBM.

### Part 4. Fraud of Virginia Registered China Bull Management Inc

80. Count 31.  This defendant committed Columbia false claim act to use it as a replacement of CHBM which currently registered in Wyoming, to make 8-K filing on 2/15/2018.

81. Count 32. This defendant violated Rule 13(a) and 15(d) of Exchange Act by not timely filing 10-Q and 10-K forms with purposes to hide Freer to make and keep forged stock certificate No.1073 of CHBM, steal cash, and destroy the value and business of CHBM.

### VII. Relief

82.  Jury-trial required.

83. Compensation damage and penalty against Freer for $1.5 million or determined by jury.

84.  Compensation damage and penalty against Virginia registered China Bull Management Inc for $ 200,000 or determined by jury

85.  Other compensation award which this court considers proper.

Respectfully submitted

Plaintiff: *Ct Chien*

Andrew Chien
655 Ellsworth Avenue
New Haven, CT 06511
Tel:(203)562-8899