# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW CHIEN, ) | |
|     Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:18-cv-02050-CKK |
| ) | |
| RICHARD J. FREER, ET AL., ) | |
|     Defendants. ) | |

## DEFENDANTS' MOTION FOR SANCTIONS AND FOR STAY OF PROCEEDINGS

Pursuant to the inherent authority of the Court to grant the requested relief, defendants Richard J. Freer, Ph.D. and China Bull Management, Inc. hereby move for the entry of sanctions against plaintiff Andrew Chien and a stay of all proceedings in this action, other than briefing of this motion, until the Court lifts the stay. In support, Defendants file the attached Memorandum of Points and Authorities.

Dated:  October 5, 2018

DEFENDANTS RICHARD J. FREER AND
CHINA BULL MANAGEMENT, INC.

By:  /s/
Christopher A. Hatfield, Esq. (DC – 1024182)
LECLAIRRYAN PLLC
815 Connecticut Avenue, NW, Suite 620
Washington, D.C.  20006
Phone:  (703) 647-5934
Fax:  (703) 647-5984
E-mail:  christopher.hatfield@leclairryan.com

*Counsel for Defendants Richard J. Freer, Ph.D. and China Bull Management, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW CHIEN,<br>      Plaintiff,<br><br>v.<br><br>RICHARD J. FREER, ET AL.,<br>      Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  1:18-cv-02050-CKK<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF
<u>MOTION FOR SANCTIONS AND FOR STAY OF PROCEEDINGS</u>**

Dated: October 5, 2018

DEFENDANTS RICHARD J. FREER AND
CHINA BULL MANAGEMENT, INC.

By:   /s/
Christopher A. Hatfield, Esq. (DC – 1024182)
LECLAIRRYAN PLLC
815 Connecticut Avenue, NW, Suite 620
Washington, D.C. 20006
Phone: (703) 647-5934
Fax: (703) 647-5984
E-mail: christopher.hatfield@leclairryan.com

*Counsel for Defendants Richard J. Freer, Ph.D.
and China Bull Management, Inc.*

# **TABLE OF CONTENTS**

**PAGE(S)**

I. Relevant Facts. ...................................................................................................................2

II. Motion for Sanctions...........................................................................................................7

      A. Numerous Courts Have Repeatedly Dismissed Frivolous Actions Filed By Mr. Chien Based On The Same Events. ................................................................7

      B. Mr. Chien Seeks To Improperly pCircumvent The Connecticut District Court's Ruling And Injunction. .................................................................................8

      C. Mr. Chien's Forum Shopping By Filing The Present Action In This Court Should Be Viewed As A Violation Of The Connecticut District Court's Injunction. ................................................................................................................9

      D. The Appropriate Sanctions Consist Of Dismissal of This Action With Prejudice, An Award of Attorneys' Fees And Costs, And A Pre-Filing Injunction. ..............................................................................................................10

III. Conclusion. ......................................................................................................................12

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Caribbean Broadcasting Sys., Ltd. v. Cable & Wireless P.L.C.*,
   148 F.3d 1080 (D.C. Cir. 1998) ............................................................................................. 10

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ................................................................................................................... 1

*Hagans v. Levine*,
   415 U.S. 528 (1974) ................................................................................................................. 8

*Hilska v. Jones*,
   297 F. Supp. 2d 82 (D.D.C. 2003) .......................................................................................... 7

*Methode Elecs., Inc. v. Adam Techs., Inc.*,
   371 F.3d 923 (7th Cir. 2004) .................................................................................................. 1

*Mikkilineni v. Penn. Nat'l Mut. Cas. Ins. Co.*,
   271 F. Supp. 2d 142 (D.D.C. 2003) ...................................................................................... 10

*Pinson v. U.S. Dep't of Justice*,
   104 F. Supp. 3d 30 (D.D.C. 2015) .......................................................................................... 9

**Federal Statutes**

18 U.S.C. § 1961 ............................................................................................................................ 5

**Introduction**

Pursuant to Rule 7 of the Local Rules of this Court, defendants Richard J. Freer, Ph.D. ("Dr. Freer") and China Bull Management, Inc. ("CHBM") (collectively, "Defendants") hereby file this Memorandum of Points and Authorities in Support of their Motion for Sanctions and for Stay of Proceedings, filed herewith (the "Motion for Sanctions"). Defendants seek the entry of sanctions against plaintiff Andrew Chien ("Mr. Chien") and a stay of all proceedings in this action, other than briefing of this Motion, until the Court lifts the stay.[1]

For all the reasons provided below, Defendants ask the Court to grant three forms of sanctions against Mr. Chien for his misconduct in filing this frivolous, duplicative action to harass Defendants: (1) dismissal of this action; (2) an award of the attorneys' fees and costs incurred by Defendants in defending against this action; and (3) the granting of an injunction barring Mr. Chien from filing any further actions against Defendants in this Court or any other federal district court without leave of this Court (collectively, the "Sanctions Award"). The pre-filing injunction is necessary because Mr. Chien's past conduct makes it clear that he will continue to file these vexatious actions against the Defendants until the Court stops him. As reflected by Mr. Chien's prior conduct in the United States District Court for the District of Connecticut (the "Connecticut District Court") and the United States District Court for the Eastern District of Virginia, it would be fruitless for this Court to admonish and/or warn Mr. Chien again, since that will simply require it to enter the pre-filing injunction in his next

---

[1] This Motion is filed pursuant to this Court's inherent authority to grant the relief requested rather than Rule 11 of the Federal Rules of Civil Procedure. The conduct that is the basis for this Motion goes beyond the representations that are sanctionable under Rule 11. Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991) (the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct); Methode Elecs., Inc. v. Adam Techs., Inc., 371 F.3d 923, 927-28 (7th Cir. 2004) (district court can impose sanctions under its inherent power whether or not it can grant sanctions under Rule 11).

duplicative action.  In addition, Defendants ask the Court to stay all proceedings in this action, apart from the briefing of this Motion, to prevent Defendants from having to incur additional unjustified, unreasonable expenses.

I.    **Relevant Facts.**

Most of the facts relevant to this action are set forth in the Memorandum of Points and Authorities in Support of Motion to Dismiss (the "Motion to Dismiss Brief") that Defendants are simultaneously filing with this Court.[2]  Consequently, those facts are not repeated in full here.

In summary, Mr. Chien has filed a long series of frivolous, vexatious actions and appeals against Dr. Freer and, in some cases, other defendants—including numerous federal and state court judges who have ruled against Mr. Chien.  All of his prior frivolous actions (the "Prior Actions") arise from the same set of events as the present action.  These events include, inter alia, struggles over the control of Commonwealth Biotechnologies Inc. ("CBI"), CBI's bankruptcy proceedings, Mr. Chien's defamatory accusations against Dr. Freer, the defamation action that Dr. Freer filed against Mr. Chien in Virginia state court and the resulting $1.6 million dollar judgment the Virginia state court awarded Dr. Freer (the "Virginia Judgment Award" or the "Award"), and Dr. Freer's efforts to collect on the Award in Virginia and Connecticut, including Mr. Chien's incarceration as a result of his refusal to obey court orders.  See, e.g.,

---

[2]  Simultaneous with the filling of the present Motion for Sanctions, Defendants are filing a Motion to Dismiss and Memorandum of Points and Authorities in Support setting forth why the Complaint should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure (the "Federal Rules" or individually "Rule") for lack of personal jurisdiction and under Rule 12(b)(5) for insufficient service of process.  Because Mr. Chien has not properly effected service of the Complaint, there is no deadline for Defendants to respond to the Complaint.  However, to avoid Mr. Chien's pursuing a frivolous default, Defendants are filing a Motion to Dismiss.  Moreover, while this Motion asks the Court to note that this Complaint is based on the same events as Mr. Chien's past complaints, neither the filing of this Motion nor the filing of the Motion to Dismiss is intended to waive Defendants' rights to raise, if necessary, other issues that demonstrate why the claims raised in Mr. Chien's Complaint fail as a matter of law, such as the Rooker-Feldman doctrine, res judicata, and/or the Complaint's failure to state a cause of action.

Complaint ("Comp.") ¶¶ 1-3 and 7-33. Mr. Chien has filed numerous lawsuits arising out of the same nucleus of facts and events in Connecticut and Virginia state and federal courts, including three actions in the Virginia state trial courts, numerous appeals in the Virginia state appellate courts, multiple actions in the Virginia and Connecticut federal district courts, multiple appeals in the United States Circuit Courts of Appeals for the Second Circuit and the Fourth Circuit, and three actions or adversary proceedings in bankruptcy court.[3] Mr. Chien has been roundly defeated in every one of these proceedings. Mr. Chien has also been admonished and/or sanctioned for his pursuing frivolous claims in other legal proceedings that he initiated in federal court.

Because of Mr. Chien's repeated filing of frivolous actions and appeals, and his filing of voluminous frivolous motions in these proceedings, multiple courts have admonished him, held him in contempt of court, and/or sanctioned him. The chart below summarizes some of the sanctions courts have awarded against him in actions involving Dr. Freer and other litigants.

| Name & docket no. | Court | Date | Summary of sanctions awarded or affirmed |
|---|---|---|---|
| Chien v. Skystar Bio Pharm. Co., 3:09CV149 | U.S. Dist. Ct. Dist of Conn. | 8/12/09 | Dismissal of action and attorneys' fees |
| In re Commonwealth Biotechnologies, Inc., 11-30381-KRH | U.S. Bankruptcy Ct., Eastern Dist. of Va. | 11/1/12 | Bar on new pleadings and money sanctions |
| Chien v. Barron Cap. Advisors, LLC, 12-1623 | 2d Cir. Ct. of Appeals | 1/30/13 | Attorneys' fees and costs |
| Chien v. Freer, 3:13CV540 | U.S. Dist. Ct. Eastern Dist. of Va. | 8/14/14 | Ban on new pleadings in action w/o leave of court |

---

[3] Attached as Exhibit A is a summary of the various actions and appeals that Mr. Chien has pursued in various state and federal trial courts and appellate courts in Connecticut and Virginia.

| Name & docket no. | Court | Date | Summary of sanctions awarded or affirmed |
|---|---|---|---|
| Chien v. Freer, CL14000491-00 | Circuit Court, Prince George County, Va. | 9/8/14 | Ban on new filings in action and filing new actions against named persons (including Dr. Freer) in any Virginia state court |
| Freer v. Chien, NNH-CV-12-4053717 | Conn. Superior Ct. | 7/15/15 | Ban on new filings in connection with action |
| Freer v. Chien, AC 40144 | Conn. App. Ct. | 7/26/17 | Dismissal of appeal and issuance of a pre-filing injunction |
| Chien v. Clark, et al., 3:16CV1881 | U.S. Dist. Ct. Dist. Of Conn. | 9/8/17 | Bar on filing new actions without prior judicial approval |

For example, in November 2015, Mr. Chien filed a lawsuit (hereafter, the "Freer Action") against Dr. Freer, Dr. Freer's legal counsel—Andrew K. Clark ("Attorney Clark") and LeClairRyan, PLLC ("LeClairRyan"), and defendant William K. Grogan ("Commissioner Grogan") in the Connecticut District Court. All of Mr. Chien's claims were based on the same set of events as the Prior Actions. Consequently, the defendants filed Motions to Dismiss based on the Rooker-Feldman doctrine, the doctrine of res judicata, failure to state causes of action, and lack of personal jurisdiction over Dr. Freer, Attorney Clark and Commissioner Grogan. In the Motions to Dismiss, the defendants also asked the Connecticut District Court to sanction Mr. Chien for his frivolous and duplicative filings by granting a pre-filing injunction against him, noting that other courts have already granted such injunctions against him. See, e.g., Motion to Dismiss, Brief at 24-27 [Freer Action Doc. 14-1].

While the Motions to Dismiss were pending, Mr. Chien sought to amend his Complaint to recast his claims as claims under federal and state criminal statutes, especially the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. After his first such motion was denied on procedural grounds, Mr. Chien filed a Motion for Leave of the Court

4

to File "First Amended and Supplemental Complaint" (the "Motion to Amend") [Freer Action Doc. 51], along with a proposed Complaint (the "Rejected Amended Complaint"). In the Rejected Amended Complaint, Mr. Chien sought to add seven new defendants, all of whom are attorneys and six of whom are attorneys at LeClairRyan.

On September 29, 2016, the Connecticut District Court granted the Motions to Dismiss and denied the Motion to Amend in a 26-page Ruling (the "Ruling") [Freer Action Doc. 69].[4] The Connecticut District Court's stated reasons for dismissing the Freer Action were substantive rather than exclusively procedural, and included the Rooker-Feldman doctrine, res judicata, and failure to state causes of action. Ruling at 8-25. The Connecticut District Court also denied the Motion to Amend because the factual basis for Mr. Chien's proposed new claims had been litigated in several other courts. Ruling at 26.

In the same Ruling, the Connecticut District Court denied the defendants' motion for a pre-filing injunction "without prejudice," and warned Mr. Chien that such an injunction could be entered against him if he files further frivolous actions. "Chien is cautioned that any future frivolous filing in this court may result in sanctions and/or a filing injunction against him." Ruling at 28.

On November 15, 2016, after the time to appeal the Ruling had passed, Mr. Chien filed another lawsuit in the Connecticut District Court (the "Second Freer Action"). The Complaint filed by Mr. Chien in the Second Freer Action alleges essentially the same set of events alleged in the Complaint in the Freer Action, the Rejected Amended Complaint, as well as the Complaint filed in the present action before this Court. In summary, its causes of action are based on the

---

[4] A copy of the Connecticut District Court's Ruling is attached as Exhibit B.

same set of federal and state criminal statutes that Mr. Chien pled in the Rejected Amended Complaint.

On December 19, 2016, the defendants in the Second Feer Action filed a Joint Motion for Sanctions,[5] asking the Connecticut District Court to sanction Mr. Chien by dismissing the Second Freer Action and to issue a pre-filing injunction preventing him from filing more frivolous actions in the District of Connecticut.  In a Ruling (the "Ruling") issued on September 8, 2017, the Connecticut District Court (Covello, J.) granted that Motion, dismissed the Second Freer Action, and imposed the requested pre-filing injunction (the "Injunction") on Mr. Chien, enjoining him from filing new actions in the District of Connecticut without obtaining advance judicial permission.[6]  The Connecticut District Court noted that Mr. Chien had defied the Freer Action Ruling by bringing the same claims that the Court had refused to permit him to bring in the Freer Action when it denied his motion to amend.  Mr. Chien subsequently filed a Motion to Recuse, calling on Judge Covello to recuse himself, and a Motion for Reconsideration, asking Judge Covello to reconsider the Ruling.  Both were denied.

On November 8, 2017, Mr. Chien filed a Notice of Appeal, stating that he was appealing the Court's decisions denying those Motions to the United States Court of Appeals for the Second Circuit (the "Second Circuit").  He did not appeal the Ruling itself.  On July 12, 2018, the Second Circuit granted the defendants Motion for Summary Affirmance, and on August 7, 2018, the Second Circuit denied Mr. Chien's Motion for Reconsideration.[7]

---

[5] See [Second Freer Action Doc. 14].

[6] A copy of the Connecticut District Court's Ruling imposing the Injunction [Second Freer Action Doc. 40] is attached as Exhibit C.

[7] Copies of the Second Circuit's Orders entered on July 12, 2018 and August 7, 2018 are collectively attached as Exhibit D.

6

## II.     Motion for Sanctions.

Mr. Chien's continued egregious conduct justifies sanctions against him. He has filed yet another frivolous complaint in this Court based on the same events as the Prior Actions, and in doing so, has raised claims that the Connecticut District Court denied him permission to raise in the Freer Action and the Second Freer Action. Furthermore, by filing the present action in this Court, Mr. Chien contemptuously seeks to avoid the Injunction imposed by the Connecticut District Court. The sole effect of these actions has been to harass Defendants and to drain their resources. Mr. Chien clearly intends to continue to file such actions indefinitely if not stopped. Thus, the appropriate sanction is to dismiss the present action, to award the Defendants their attorneys' fees and costs, and to enter in this Court the same Injunction imposed by the Connecticut District Court.

### A.     Numerous Courts Have Repeatedly Dismissed Frivolous Actions Filed By Mr. Chien Based On The Same Events.

Mr. Chien's conduct in filing the present action is sanctionable for multiple reasons. First, this action represents merely one in a long series of frivolous actions based on the same events. This Court has the inherent authority to dismiss an action as frivolous, whether or not a Rule 11 motion has been filed and whether or not the plaintiff has paid the filing fee. "In its discretion ... a court may dismiss a patently frivolous claim for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1)." Hilska v. Jones, 297 F. Supp. 2d 82, 87 (D.D.C. 2003). "Courts have defined frivolous claims to be those premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible." Id. "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as

to be absolutely devoid of merit." Hagans v. Levine, 415 U.S. 528, 536 (1974) (internal citation and punctuation omitted).

Mr. Chien's claims in the present action arise from the same set of events as the Prior Actions, primarily concerning CBI, the Virginia Judgment Award, and Dr. Freer's efforts to collect on the Award. Comp. ¶¶ 1-3 and 7-33. In the course of these ceaseless lawsuits, Mr. Chien has harassed Dr. Freer and the other defendants with an immense number of filings. Mr. Chien's actions and appeals have been uniformly unsuccessful, but they have forced Dr. Freer and other defendants to incur large expenses in responding to these voluminous filings. Moreover, the fact that Mr. Chien has added CHBM as defendant in the present action does not alter the essential fact that he is bringing claims based on the same events that gave rise to the Prior Actions. This Court should draw the line and put an end to this harassment by imposing the requested Sanctions Award.

      **B.**    **Mr. Chien Seeks To Improperly Circumvent The Connecticut District Court's Ruling And Injunction.**

Mr. Chien's conduct is also sanctionable because his current claims are essentially the same as the ones the Connecticut District Court barred him from bringing when he sought to amend his Complaint in the Freer Action and/or filed his Complaint in the Second Freer Action.

Mr. Chien, thwarted in his effort to bring the present claims in the Connecticut District Court, now seeks to do an end run around the Injunction by bringing essentially the same claims in the present action. Apart from variations in detail, the factual allegations in the present Complaint are those that Mr. Chien sought to assert in the Connecticut District Court. Moreover, while Mr. Chien has named CHBM as a defendant in the present action, the frivolous claims he seeks to assert against Dr. Freer and/or CHBM in the present action arise from the same events as the claims he sought to assert in the Connecticut District Court and/or these are all claims that

Mr. Chien could have included in the numerous Complaints he attempted to file in Connecticut. The changes in the specific counts are likewise superficial, and include no counts that Mr. Chien could not have brought in the past.

In other words, the Complaint in the present action is essentially the same Rejected Amended Complaint that Mr. Chien attempted to file in the Freer Action[8] with superficial changes made to create an appearance of novelty.  Mr. Chien should not be allowed to continue his bad faith conduct in this Court.

### C. Mr. Chien's Forum Shopping By Filing The Present Action In This Court Should Be Viewed As A Violation Of The Connecticut District Court's Injunction.

Mr. Chien's conduct is further sanctionable because he has contumaciously sought to avoid the Connecticut District Court's Injunction by filing the present action in this Court. "It is beyond dispute that courts have the inherent power to sanction parties who disobey judicial orders and engage in bad-faith conduct that violates the integrity of the judicial process." Pinson v. U.S. Dep't of Justice, 104 F. Supp. 3d 30, 36 (D.D.C. 2015).

Here, Mr. Chien's conduct in filing the present action is essentially the same as disobeying the Connecticut District Court's Injunction.  Moreover, Mr. Chien now seeks to avoid the consequences of his contemptuous conduct in Connecticut District Court by filing the present action in this Court. The Court should not tolerate this contempt for the Connecticut District Court's Ruling and Injunction.  Further, it would be unjust to Defendants, and a waste of judicial resources, for this Court to allow Mr. Chien to thumb his nose at the Connecticut District Court by allowing him to pursue his previously rejected claims in this Court.  Mr. Chien's continuing

---

[8] Likewise, Mr. Chien improperly sought to assert the same frivolous claims in the Complaint he filed in the Second Freer Action.

bad faith conduct in this Court violates the integrity of the judicial process and should be stopped by way of this Court imposing the Sanctions Award.

  **D.  The Appropriate Sanctions Consist Of Dismissal of This Action With Prejudice, An Award of Attorneys' Fees And Costs, And A Pre-Filing Injunction.**

"In rare circumstances, a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction, and its decision to do so is reviewed for abuse of discretion." Caribbean Broadcasting Sys., Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1091 (D.C. Cir. 1998).  In this case, the Court has been presented, in this Motion and in the Motion to Dismiss, with very clear evidence of Mr. Chien's misconduct.  Mr. Chien's misconduct has been so well documented that the Court can make highly specific factual findings in support of dismissal.

The appropriate sanctions also include the entry of a pre-filing injunction.  "Injunctive remedies may be appropriate when a plaintiff files complaints or motions that are frivolous, harassing, or duplicative of prior filings." Mikkilineni v. Penn. Nat'l Mut. Cas. Ins. Co., 271 F. Supp. 2d 142, 148 (D.D.C. 2003) (internal citation omitted).  "The court should look to both the number and content of the filings to determine whether they are frivolous or harassing ... Further, in evaluating whether the filings constitute harassment, the court should consider the effect of the filings on the parties and the court." Id. (internal citation omitted).

Clearly, Mr. Chien's demonstrated history of frivolous and vexatious litigation has been established here.  As discussed above, even before Mr. Chien brought his actions in the Connecticut District Court and the present action in this Court, several courts recognized the injustice of forcing Dr. Freer and other Defendants to spend resources defending one set of claims after another based on the same events.  See chart above.  On that basis, five courts have entered pre-filing injunctions against him, including federal district and bankruptcy courts in

Virginia and state courts in Virginia and Connecticut. Id. By the same token, if bad faith must be found to justify the entry of a pre-filing injunction, there is ample evidence of bad faith on Mr. Chien's part here.

As explained above, Mr. Chien will receive notice and an opportunity to be heard before the Court rules on this Motion. Furthermore, Mr. Chien has received repeated notice of the likelihood of a pre-filing injunction as a sanction when similar injunctions were imposed on him by other courts, including the Injunction imposed by the Connecticut District Court.

Without such an injunction, dismissal of this action will be fruitless, since Mr. Chien will simply file another action in this Court as he has done in the past in other courts. Only a pre-filing injunction can spare Defendants the expense of responding to Mr. Chien's filings, as Mr. Chien evidently intends to continue filing such actions until he is barred from doing so. If the Court declines to enter such an injunction in the present action, it will simply be forced to do so in Mr. Chien's next action, after further waste of resources by Defendants and the Court.

The following proposed pre-filing injunction is requested:

"ORDERED that the Motion for Sanctions filed by Defendants is GRANTED and the following pre-filing injunction is hereby imposed on Andrew Chien and shall remain in effect unless and until it is modified by the Court:

(1) Andrew Chien is not permitted to file any additional pleadings, motions, requests or other documents in the above-captioned action unless he first receives leave of court to do so. Therefore, the Clerk's Office is directed not to file or docket further submissions received from Mr. Chien in this action unless or until it receives an appropriate order from this Court;

(2) Andrew Chien is prohibited from commencing a new lawsuit in the United States District Court for the District of Columbia against the following parties without leave of Court:

(a) Richard J. Freer; and (b) LeClairRyan, P.C. or any attorneys currently or formerly employed thereby, including, but not limited to, Andrew K. Clark, Everette G. Allen Jr. (deceased), James R. Byrne, Christian K. Vogel, Michael G. Caldwell, Joseph M. Rainsbury, Joaquin L. Madry and Ilan Markus; and

(3)     If Andrew Chien seeks leave to file a new lawsuit against any such parties, he is required to file the following along with his Summons and Complaint:  (a) a motion captioned "Motion Pursuant to Court Order Seeking Leave to File;" (b) as Exhibit 1 to that motion, a copy of this Order; (c) as Exhibit 2 to that motion, a sworn affidavit certifying that the claim he wishes to present is a new claim never before raised by him in any court; and (d) as Exhibit 3 to that motion, a list of the full captions of each and every action previously filed by him or on his behalf in any court against each and every defendant to the proposed new action.  Andrew Chien's compliance with this requirement will not guarantee that such motion will be granted."

In addition to foregoing pre-filing injunction, this Court should dismiss the present action with prejudice and award Defendants' their attorneys' fees and costs incurred in the present action.

**III.    Conclusion.**

For all the foregoing reasons, Defendants respectfully request that the Court grant the requested Sanctions Award and, in the meantime, stay all proceedings in this action.

Dated: October 5, 2018                        DEFENDANTS RICHARD J. FREER AND
                                              CHINA BULL MANAGEMENT, INC.

                                              By:  /s/ _____
                                              Christopher A. Hatfield, Esq. (D.C. Bar No. 1024182)
                                              LECLAIRRYAN PLLC
                                              815 Connecticut Avenue, NW, Suite 620
                                              Washington, D.C.  20006
                                              Phone:  (703) 647-5934
                                              Fax:  (703) 647-5984
                                              E-mail:  christopher.hatfield@leclairryan.com

                                              *Counsel for Defendants Richard J. Freer, Ph.D. and China Bull Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2018, copies of the foregoing were served on the *pro se* party of record, via First Class Mail, postage prepaid, at the address listed below, and were sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Andrew Chien
665 Ellsworth Ave.
New Haven, CT  06511


                                               /s/ Christopher A. Hatfield