UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW CHIEN,
     Plaintiff

v.

RICHRAD J. FREER, *et al.*,
     Defendants.

Civil Action No. 18-2050 (CKK)

**MEMORANDUM OPINION AND ORDER**
(November 23, 2021)

This matter comes before the Court on Defendants' [8] Motion to Dismiss. Defendants argue that the Court should dismiss the complaint for lack of personal jurisdiction and for improper service. Because the Court agrees that it lacks personal jurisdiction over Defendants, it GRANTS Defendants' [8] Motion to Dismiss.

**I.    BACKGROUND**

This is Plaintiff's third case before the Court alleging various species of fraud against Defendant Richard J. Freer ("Freer"), his former business partner, and China Bull Management, Inc. ("CHBM"), a corporate entity which Freer and Plaintiff fought each other to control. *See* Compl. at 5-7; Compl., *Chien v. Ransom et al.*, 17-cv-2334 (Nov. 1, 2017) (*Chien I*) at 4; Compl., *Chien v. Morris et al.*, 19-cv-03101 (Oct. 11, 2019) ("*Chien III*").[1] Unhappy with the Court's rulings across his three cases, Plaintiff also unsuccessfully filed suit against the undersigned. Order, *Chien v. Kollar-Kotelly*, 19-cv-3100 (D.D.C. May 6, 2020) (dismissing the

---

[1] This case was filed after *Chien I* and before *Chien III*. The Court shall refer to it as "*Chien II*" for ease of reference.

1

case due to judicial immunity). These four cases join more than a dozen other unsuccessful suits across several jurisdictions, each nexus of facts involving CHBM and Freer.[2]

Freer was, at one point, an officer of the defunct Commonwealth Biotechnologies, Inc. ("CBI"), which filed for bankruptcy in January 2011. Memorandum Opinion, *Chien I*, at 4, ECF No. 52. Freer served as an operating director of CBI during bankruptcy, while Plaintiff was either a shareholder or a representative of another shareholder. *Id.* After Freer made compensation claims from CBI, Plaintiff claimed that Freer was attempting to embezzle money from the company. *Id.* For this allegation, Freer successfully sued Plaintiff for defamation in Virginia state court, obtaining a default judgment of $1,600,000.00 plus interest. *Id.* Freer eventually obtained stock certificates for CHBM to satisfy that judgment, and subsequently re-registered CHBM from Nevada to Wyoming with the U.S. Securities and Exchange Commission ("SEC"). *Id.* at 5.

In *Chien I*, Plaintiff sued the SEC and SEC officials for, among other things, facilitating Freer's filings. *Id.* This Court dismissed Plaintiff's complaint in that case for, among other things, failure to exhaust administrative remedies. *Id.* at 26-27. Plaintiff then filed an identical suit making the same allegations against SEC officials in *Chien I*. Order, *Chien III* (Feb. 15, 2021), at 1, ECF No. 33. The Court dismissed that case on *res judicata* grounds and, subsequently, Plaintiff's four motions for reconsideration in that case. Memorandum Opinion, *Chien III* (Nov. 12, 2021), ECF No. 50.

---

[2] *E.g.*, *Chien v. Skystar Bio Pharm. Co.*, 3:09-cv-149 (D. Conn. Aug. 12, 2019); *Chien v. Freer*, 3:13-cv-540 (E.D. Va. Aug. 14, 2014); *Chien v. Freer*, CL14000491-00 (Va. Cir. Ct. Sept. 8, 2014). The Court addresses these in more detail in its Order [34] granting Defendants' [9] Motion for Sanctions.

2

In this case, Plaintiff appears to repeat the same factual allegations but against Freer and CHBM rather than SEC officials. *See* Compl. at 5-7. Plaintiff's complaint here is difficult to understand and appears to claim various kinds of fraud and conspiracy. *See id.* Defendants filed the instant Motion on October 5, 2018, and Plaintiff filed his opposition on October 11, 2018. Before resolving the Motion, the Court granted Defendants' request to stay proceedings while the Court addressed *Chien III*. Order at 1 (Oct. 12, 2018), ECF No. 11. The Court issued its final order in *Chien III* on November 12, 2021. Having addressed that case, the Court now turns to the instant Motion's resolution.

## II. DISCUSSION

### A. Personal Jurisdiction

Defendants first move to dismiss the complaint on personal jurisdiction grounds. Plaintiff bears the burden of "establishing a factual basis for the [Court's] exercise of personal jurisdiction." *Williams v. Romarm, S.A.*, 756 F.3d 777, 785 (D.C. Cir. 2014). Although the court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction," *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005), it looks primarily to the facts alleged in the complaint, *see Florentine v. Sarton Puerto Rico, LLC*, 486 F. Supp. 3d 377, 386 (D.D.C. 2020). To carry its burden, the plaintiff "'must provide sufficient factual allegations, apart from mere conclusory assertions, to support the exercise of personal jurisdiction over the defendant.'" *Bigelow v. Garrett*, 299 F. Supp. 3d 34, 41 (D.D.C. 2018) (*quoting Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)). To the extent there are any "'factual discrepancies in the record,' they 'must be resolved in favor of the plaintiff.'" *Xie v. Sklover & Co.*, 260 F. Supp. 3d 30, 38 (D.D.C. 2017) (quoting *Crane v. N.Y. Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990)).

A court may exercise two types of personal jurisdiction: "'general' (sometimes called "'all-purpose'") jurisdiction and "'specific'" (sometimes called 'case-linked') jurisdiction. *Bristol-Myers Squibb Co. v. Sup. Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017). "General" jurisdiction arises where it has sufficient "minimum contacts" that are "'continuous and systematic' as to render them at home in the forum state." *See Goodyear Dunlop Ties Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction, "on the other hand, depends on an 'affiliatio[n] between the forum and underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924.

1. General Jurisdiction

Plaintiff's complaint alleges no facts suggesting that either Freer or CHBM is "at home" in the District of Columbia. It does not suggest that either Defendant is "domiciled" in the District of Columbia, does business in the District of Columbia, owns property in the District of Columbia, or has even ever visited the District of Columbia. In his signed declaration, Freer asserts that he has only visited the District of Columbia three times, and never interacted with the SEC while physically present in the District of Columbia. Declaration of Richard J. Freer, PhD, Pl.'s Ex. A at ¶¶ 11, 13-17. Nor did CHBM, Defendants imply, ever conduct any business in the District of Columbia. Plaintiff seems to argue that Plaintiff has engaged in a persistent course of conduct in the District of Columbia by regularly making SEC filings. That argument is a reduces to absurdity, entitling the District of Columbia to exercise general jurisdiction over anyone who

has regularly made filings with the federal government. These facts together do not give rise to general jurisdiction. *See Goodyear*, 546 U.S. at 919.

    2. <u>Specific Jurisdiction</u>

For a court to exercise specific jurisdiction, the acts or omissions must be delineated in the District of Columbia's long-arm statute, *Bigelow*, 299 F. Supp. 3d at 44, and those acts or omissions "must give rise to the specific claims at issue." *Triple Up Ltd. V. Youku Tudou Inc.*, 235 F. Supp. 3d 15, 21 (D.D.C. 2017)). The precise claims Plaintiff advances in his complaint and the facts giving rise to them are difficult to discern. Of the acts that could plausibly have any connection with the District of Columbia, he appears to suggest that he was injured by Freer's filings with the SEC reflecting that he, and not Chien, controlled CHBM. *See* Compl. at 32-33. He also appears to suggest that Freer was under an obligation to report his $1.6 million defamation judgment in filings to the SEC and failed to do so. *Id.* at 29.

It is unclear what causes of action to which Plaintiff thinks these acts give rise. He seems to claim a common law "tort of corporation identify fraud," but offers no authority that District of Columbia or federal law recognizes such a tort beyond a federal statute criminalizing identity fraud (18 U.S.C. § 1028(a)(4)). *See* Opp. at 2. Plaintiff also appears to suggest that false SEC filings are "racketeering" within the meaning of 18 U.S.C. §§ 1962 and 1964.[3] Plaintiff further alleges in his Opposition he was "hurt in both reputation and performance of doing [sic] job" when Freer made several filings with the SEC changing CHBM's domicile from Nevada to Wyoming. Opp. at 2, ECF No. 12. Nevertheless, it is the Court's duty to read Plaintiff's pro se

---

[3] Although the merits of these claims are dubious, Defendants have not moved to dismiss the complaint for failure to state a claim. Nor have Defendants moved to dismiss the complaint on *res judicata* grounds despite Plaintiff having already and unsuccessfully made the same allegations unsuccessfully across several jurisdictions.

complaint liberally, *Rhodes v. United States*, 518 F. Supp. 2d 285, 287 (D.D.C. 2007), and refrain from peering into the merits on a 12(b)(2) motion to dismiss for lack of personal jurisdiction, *Xie*, 260 F. Supp. 3d at 30.

Plaintiff appears to claim specific jurisdiction pursuant to sections 13-423(a)(3) and (a)(4) of the District of Columbia's long-arm statute. Opp. At 2, ECF No. 12. To exercise jurisdiction under 13-423(a)(4), the defendant must have committed an act or omission outside the District of Columbia but nevertheless "regular do[] or solicit[] business, engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a)(4) (2020 Repl.); *Bigelow*, 299 F. Sup. 3d at 41. For the reasons described above in section II.A.1, the Court cannot exercise jurisdiction under subsection (a)(4) because Defendants do not engage in any "persistent course of conduct" in the District of Columbia. *Cf. also FC Inv. Grp. LC v. IFX Markets, Ltx.*, 529 F.3d 1087, 1096 n.9 (D.C. Cir. 2008) (holding that regular phone calls from a co-conspirator outside of the District of Columbia to a co-conspirator within the District of Columbia is not a "persistent course of conduct" within the meaning of section 13-423(a)(4)) *rev'd on other grounds Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883 (D.C. Cir. 2021).

Pursuant to D.C. Code § 13-423(a)(3), the Court may exercise jurisdiction over a defendant who causes "tortious injury in the District of Columbia by an act or omission *in the District of Columbia*." (emphasis added). Although it is unclear exactly what cause of action Plaintiff attempts to advance, the complaint centers on Freer's allegedly tortious statement and injury arising therefrom. It is helpful, then, to analogize Plaintiff's claim to one for defamation given both are kinds of tortious statements that injure a plaintiff's pecuniary interests.

6

For defamation, this Court has consistently held that the mere act of conveying a defamatory statement to an audience in the District of Columbia is not an act or omission that occurs *within* the District of Columbia.  *See, e.g.*, *Moncrief v. Lexington Herald-Leader Co.*, 807 F.2d 217, 218 (holding that "no act occurred within the District of Columbia," such that "section 13-423(a)(3) did not confer jurisdiction over the defendant," when "the libelous article was printed, and the newspapers mailed, outside of the District of Columbia" (internal quotation marks omitted)).[4]  "Plaintiff's complaint makes no plausible claim that the alleged [tortious] statements here were made *within*" the District of Columbia, *Safex Found., Inc. v. Safeth, Ltd.*, --- F. Supp. 3d ---, 2021 WL 1909690, at *6 (D.D.C. May 12, 2021) (BAH) (emphasis original), and logic suggests that they were instead conveyed from Virginia, both Freer's and CHBM's domicile.  *See also US Dominion, Inc. v. Powell*, --- F. Supp. 3d ---, 2021 WL 3550974, at *15 (D.D.C. Aug. 11, 2021) (CJN) (holding that attorney's allegedly defamatory statements made to government agencies occurred within the District of Columbia where they were conveyed in speeches in the District of Columbia) *appeal docketed US Dominion, et al. v. MyPillow, Inc., et al.* (D.C. Cir. Sept. 15, 2021).  The mere fact that the allegedly tortious statement here was communicated to a government agency in the District of Columbia does not mean that the communication itself occurred within the District of Columbia or that Plaintiff suffered harm in the District of Columbia.  It therefore does not fall within subsection (a)(3).

Moreover, permitting specific jurisdiction here would offend the "'traditional notions of fair play and substantial justice'" that the Fourteenth Amendment safeguards.  *See Goodyear*,

---

[4] *See also, e.g.*, *Hayhurst v. Calabrese*, 782 F. Supp. 643, 644 (D.D.C. 1992) ("Sending a letter into this jurisdiction is not sufficient to warrant the exercise of long-arm jurisdiction under 423(a)(3)."); *Slate v. Kamau*, No. 20-cv-3732 (BAH), 2021 WL 3472438, at *6 (D.D.C. Aug. 6, 2021) ("mailing a [defamatory] letter or other material into Washington, DC from outside of the District does not qualify as an 'act . . . in the District of Columbia'").

7

564 U.S. at 923 (quoting *Int'l Shoe, Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 154 (1945)). Central to that inquiry is whether a putative defendant has "purposely availed" himself of a "sovereign's exercise of power" that they may fairly expect to be sued in that forum. *See J. McIntyre Machinery, Ltd. V. Nicastro*, 564 U.S. 873, 876 (2011). To take Plaintiff's view of specific jurisdiction in this case would open a Pandora's box of suits against any individual who files a document with the federal government that a putative plaintiff terms tortious and injurious. A Coloradan who files a form with the SEC could not fairly expect to be hailed into court in the District of Columbia by a private plaintiff. Nor could an Arizonan who files a purportedly defamatory visa application with the U.S. Department of State. Neither the District of Columbia's long-arm statute nor the Fourteenth Amendment would tolerate accepting Plaintiff's version of personal jurisdiction. As such, the Court agrees with Defendants that it lacks personal jurisdiction over them in this case.

### B. Insufficient Service of Process

The Court lacks personal jurisdiction over a defendant unless the plaintiff effects proper service. *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012). It is Plaintiff's burden to show valid service of process. *Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 64 (D.D.C. 2015). "'To do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [of the Federal Rules of Civil Procedure] and any other applicable provision of law.'" *Id.* at 64-65 (cleaned up) (quoting *Light v. Qolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)).

Pursuant to Fed. R. Civ. P. 4(e), a plaintiff is provided two methods of serving an individual defendant: (1) "following state law . . . where the district court is located or where service is made" or (2) personal service upon the person or someone who can accept service on

their behalf. *See Doe #1 v. Am. Fed. of Gov. Emps.*, --- F. Supp. 3d ---, 2021 WL 3550996, at *32 (D.D.C. Aug. 11, 2021). Per Fed. R. Civ. P. 4(h), a plaintiff has similar choice to serve a corporate defendant: (1) by following state law or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing general agent, or any other agent authorized by appointment or by law to receive service of process."

The 'best evidence of service' is not the appearance of the opposing party as the plaintiff contends, but rather an affidavit from the process server or the Mayor's designee regarding the service." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007) (citing *Zen Music, Inc. v. CVS Corp.*, No. 98-Civ.-4246, 1998 WL 912102, at *3 (S.D.N.Y. Dec. 30, 1998)). "Even when a plaintiff has failed to effect proper service of process, Rule 4(m) gives the plaintiff the opportunity to show good cause for the failure." *Id.* at 160. Mere appearance in court does not cure insufficient process. *Id.* at 162.

Here, Plaintiff elected to serve both Defendants by certified mail at Freer's Virginia domicile. *See* ECF No. 9. That method is insufficient under federal, District of Columbia, and Virginia law as to CHBM. Federal law requires, in effect, personal service. *See* Fed. R. Civ. P. 4(h); *see also Mantis v. Cult Awareness Network*, 1993 WL 62176, at *1 (D.D.C. Feb. 26, 1993) (finding insufficient service of process on a corporation when summons and complaint left at receptionist's desk). So too does the District of Columbia, D.C. Code § 13-334 (2020 Repl.), and Virginia, Va. Code Ann. § 8.01-299; *see also James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 17 (D.D.C. 2002). Nothing in Plaintiff's Return of Service states that Freer himself was ever served, nor any agent authorized to accept service on his or CHBM's behalf. And neither Freer nor CHBM ever waived service pursuant to Fed. R. Civ. P. 4(d). Therefore, Plaintiff did not effect sufficient upon CHBM service in compliance with Fed. R. Civ. P. 4.

9

However, certified mail *is* permitted under District of Columbia law as to service on Freer. Per D.C. Code § 13-431, "[w]hen the law of the District of Columbia authorizes service outside of the District of Columbia, [] service, when reasonably calculated to give actual notice, may be made . . . by any form of mail addressed to the person to be served and requiring a signed receipt." *Id.* § (a)(3). As Fed. R. Civ. P. 4(e)(1) permits service in accordance with the "state law . . . where the district court is located," the Court concludes that service of process here is sufficient as to Freer. In any event, as the Court shall dismiss the complaint for lack of personal jurisdiction, it need not offer Plaintiff an opportunity to remedy its insufficient service of process as to CHBM.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Defendants' [8] Motion to Dismiss is **GRANTED**; it is further

**ORDERED**, that this case is **DISMISSED**.

Dated: November 23, 2021

                                                        /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge