UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW CHIEN,
      Plaintiff

v.

RICHARD J. FREER, *et al.*,
      Defendants.

Civil Action No. 18-2050 (CKK)

**MEMORANDUM OPINION AND ORDER**
(November 23, 2021)

This matter comes before the Court on Defendants' [9] Motion for Sanctions. Defendants ask that the Court enter sanctions against Plaintiff, a vexatious and frivolous litigant who has filed numerous unsuccessful cases against Defendants across several jurisdictions. Specifically, Defendants ask for: (1) dismissal with prejudice, (2) a prefiling injunction against similar complaints that Plaintiff may seek to file, and (3) attorneys' fees. Having already granted Defendants' [8] Motion to Dismiss, the Court will not dismiss the case as a sanction. Nor will the Court grant attorneys' fees. The Court shall, however, enter a prefiling injunction against Plaintiff in the United States District Court for the District of Columbia, requiring Plaintiff to seek leave of court to file any future action arising from or similar to the cases that have been before this Court. As such, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' [9] Motion for Sanctions.

**I.    BACKGROUND**

As further explained in the Court's [33] Order granting Defendants' [8] Motion to Dismiss, this is Plaintiff's third case before the Court alleging various species of fraud against Defendant Richard J. Freer ("Freer"), his former business partner, and China Bull Management, Inc. ("CHBM"), a corporate entity which Freer and Plaintiff fought each other to control. *See*

1

Compl. at 5-7; Compl., *Chien v. Ransom et al.*, 17-cv-2334 (Nov. 1, 2017) (*Chien I*) at 4; Compl., *Chien v. Morris et al.*, 19-cv-03101 (Oct. 11, 2019) ("*Chien III*").[1] Unhappy with the Court's rulings across his three cases, Plaintiff also unsuccessfully filed suit against the undersigned. Order, *Chien v. Kollar-Kotelly*, 19-cv-3100 (D.D.C. May 6, 2020) (dismissing the case due to judicial immunity).

In essence, all of Plaintiff's suits arise from the same nucleus of facts. Freer was, at one point, an officer of the defunct Commonwealth Biotechnologies, Inc. ("CBI"), which filed for bankruptcy in January 2011. Memorandum Opinion, *Chien I*, at 4, ECF No. 52. Freer served as an operating director of CBI during bankruptcy, while Plaintiff was either a shareholder or a representative of another shareholder. *Id.* After Freer made compensation claims from CBI, Plaintiff claimed that Freer was attempting to embezzle money from the company. *Id.* For this allegation, Freer successfully sued Plaintiff for defamation in Virginia state court, obtaining a default judgment of $1,600,000.00 plus interest. *Id.* Freer eventually obtained stock certificates for CHBM to satisfy that judgment, and subsequently re-registered CHBM from Nevada to Wyoming with the U.S. Securities and Exchange Commission ("SEC"). *Id.* at 5.

In *Chien I*, Plaintiff sued the SEC and SEC officials for, among other things, facilitating Freer's filings. *Id.* This Court dismissed Plaintiff's complaint in that case for, among other things, failure to exhaust administrative remedies. *Id.* at 26-27. Plaintiff then filed an identical suit making the same allegations against SEC officials in *Chien I*. Order, *Chien III* (Feb. 15, 2021), at 1, ECF No. 33. The Court dismissed that case on *res judicata* grounds and,

---

[1] This case was filed after *Chien I* and before *Chien III*. The Court shall refer to it as "*Chien II*" for ease of reference.

2

subsequently, Plaintiff's four motions for reconsideration in that case. Memorandum Opinion, *Chien III* (Nov. 12, 2021), ECF No. 50.

Plaintiff's prior cases alleging these same facts and similar causes of action are legion. Plaintiff's successive, frivolous, and vexatious filings have earned him sanctions across several jurisdictions. They include:

| Name | Court | Sanction |
| --- | --- | --- |
| *Chien v. Skystar Bio Pharm. Co.*, 3:09CV149 | United States District Court for the District of Connecticut | Attorneys' fees and costs |
| *In re Commonwealth Biotechnologies, Inc.*, 11-30381-KRH | United States Bankruptcy Court for the Eastern District of Virginia | Bar on new pleadings and money sanctions |
| *Chien v. Barron Capital Advisors, LLC*, 12-16263 | United States Court of Appeals for the Second Circuit | Attorneys' fees and costs |
| *Chien v. Freer*, 3:13CV540 | United States District Court for the Eastern District of Virginia | Ban on new pleadings in action without leave of court |
| *Chien v. Freer*, CL 14000491-00 | Circuit Court, Prince George County, Virginia | Ban on new filings in action and filing new actions against named defendants in Virginia state court |
| *Freer v. Chien*, NNH-CV-12-4053717 | Connecticut Superior Court | Ban on new filings in action |
| *Freer v. Chien*, AC 40144 | Connecticut Appellate Court | Dismissal and pre-filing injunction |
| *Chien v. Clark, et al.*, 3:16CV1881 | United States District Court for the District of Connecticut | Prefiling injunction without leave of court |

By the Court's count, Plaintiff has filed twelve actions in Connecticut state and federal courts, thirty-three actions in Virginia state and federal courts, four actions in the United States District Court for the District of Columbia, six appeals in the United States Court of Appeals for the Fourth Circuit, one appeal in the United States Court of Appeals for the Second Circuit, and one appeal in the Supreme Court of the United States. *See* Defs.' Ex. A (listing cases). All of these cases have either been unsuccessful or remain pending.

3

Defendants filed the instant Motion on October 5, 2018.  Taking notice of the Motion and its four exhibits, Plaintiff filed his opposition on October 11, 2018.  On October 12, 2018, the Court stayed the case while it resolved *Chien III*.  The Court issued its final order in *Chien III* on November 12, 2021.  Having addressed that case, the Court now turns to the instant Motion's resolution.

## II.  DISCUSSION

### A.  Prefiling Injunction

When faced with "frivolous, duplicative, and harassing lawsuits," the Court has the inherent power to "'employ injunctive remedies when needed to protect the integrity of the courts and the orderly and expeditious administration of justice.'" *Caldwell v. Obama*, 6 F. Supp. 3d 31, 49, 51 (D.D.C. 2013) (quoting *Mikkilineni v. Penn. Nat. Mut. Cas. Ins. Co.*, 271 F. Supp. 2d 142, 143 (D.D.C. 2003)).  When fashioning a pre-filing injunctive remedy, "'a court must take great care not to 'unduly impair[] [a litigant's] constitutional right of access to the courts.'" *Id.* at 49 (brackets original) (quoting *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985)).  Before entering a prefiling injunction, the Court must:  (1) provide notice to the affected party, (2) consider the "number and content" of the filings, and (3) "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988); *see also In re Visser*, 968 F.2d 1319, 1324-25 (D.C. Cir. 1992) (prohibiting *pro se* plaintiff from filing further complaints without leave when he filed 11 repetitive and meritless complaints).

First, Defendants' Motion placed Defendant on notice of the sanctions Defendants seek.  Moreover, despite previously filing an opposition on October 11, 2018, the Court directed Plaintiff to file an additional opposition in its October 12, 2018 [11] Order.  Plaintiff did so on

4

October 16, 2018.  ECF No. 12.  Consequently, the Court finds that Plaintiff has been adequately notified of the sanctions Defendants request.

Second, the "number" of Plaintiff's filing are legion and the facts in each are near identical.  Having reviewed the dockets and select filings across Plaintiff's four in this Court and forty-nine other cases, they all revolve around Plaintiff's alleged injuries sustained by Freer and associated entities.  Although some concern the bankruptcy and defamation cases, most center on SEC filings Freer made indicating his ownership of CHBM.  State and federal courts in Connecticut and Virginia have already rejected the panoply of claims Plaintiff has advanced on these facts.  Nevertheless, Plaintiff has continued to make frivolous filings.

The United States District Court for the District of Connecticut, for example, warned Plaintiff that it would enter a prefiling injunction if Plaintiff filed another suit involving Freer.  Order at 5, ECF No. 40, *Chien v. Clark, et al.*, No. 3:16-cv-01881-AVC (D. Conn. Sept. 8, 2017) (slip op.).  Plaintiff ignored that warning, filing another identical case, and the court promptly entered a prefiling injunction "prohibit[ing] [Plaintiff] from filing further actions in this court without leave of the court."  *Id.* at 6.  Similarly, in the United States Bankruptcy Court for the Eastern District of Virginia, the court barred Plaintiff on May 1, 2014, from making further filings in the case without leave of court.  *See* Order at 3, ECF No. 50, *Chien v. Freer, et al.*, No. 3:13CV540 (E.D. Va. Aug. 15, 2014) (slip op.).  After violating that order several times, the United States District Court for the Eastern District of Virginia agreed with the Bankruptcy Court after finding that Plaintiff "made numerous and frequently incoherent motions" during the "pendency of th[e] appeal."  *Id.* at 6-7.  While this case was pending, and without notification to this Court, Plaintiff moved for relief from the Eastern District of Virginia's order on April 7, 2021, which the court there subsequently denied.  Order at 1, ECF No. 55, *Chien*, No.

3:13CV540 (Sept. 1, 2021) (slip op.).  Moreover, Plaintiff's incessant filings and refusal to comply with court orders has even resulted in his incarceration in Virginia for civil contempt of court.  Order at 5 n.2, *Chien v. Freer*, No. 1117-14-2 (Va. Ct. App. June 30, 2015) (slip op.).  Having sued Freer, CHBM, and associated entities in scores of actions across several jurisdictions, the Court concludes that a pre-filing injunction is warranted.  *See Visser*, 968 F.2d at 1324-25.  As such, the Court shall enter an injunction requiring Plaintiff to obtain leave of court making any future filing involving Freer, CHBM, the U.S. Securities and Exchange Commission, or any other entity and a similar set of facts.

      B. Attorneys' Fees

Next, Defendants ask the Court to sanction Plaintiff by awarding Defendants' attorneys fees.[2]  Although the Court has the inherent power to sanction a party by awarding attorneys' fees, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  The power to award attorneys' fees as a sanction arises from a court's "inherent authority to control and maintain the integrity of its own proceedings."  *HTH Corp. v. NLRB*, 823 F.3d 668, 679 (D.C. Cir. 2016).  The Court has already determined to dismiss this case and to enter a prefiling injunction on future, similar filings.  These actions sufficiently serve the Court's interest in the integrity and efficient administration of the proceedings before it.  Indeed, awarding further sanctions may result in even more protracted and lengthy proceedings that would not further the "just, speedy, and inexpensive determination of [this] action and [future] proceeding[s]."  Fed. R. Civ. P. 1.  As

---

[2] Defendants also ask the Court to sanction Plaintiff by dismissing this case with prejudice.  As the Court has already dismissed the case in its [33] Order granting Defendants' [8] Motion to Dismiss, it need not address this requested relief.

6

such, the Court shall not exercise the "potent" inherent power to award attorneys' fees as a sanction in this case.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Defendants' [9] Motion for Sanctions is **GRANTED IN PART AND DENIED IN PART**; it is further

**ORDERED**, that that the following pre-filing injunction is hereby imposed on Andrew Chien and shall remain in effect unless and until it is modified by the Court:

1. Andrew Chien is not permitted to file any additional pleadings, motions, requests, or other documents in this case, *Chien v. Ransom et al.*, 17-cv-2334, or *Chien v. Morris et al.*, 19-cv-03101, unless he first receives leave of court to do so. Therefore, the Clerk's Office is directed not to file or docket further submissions received from Andrew Chien in this action or in those related actions unless or until it receives an appropriate order from this Court;

2. Andrew Chien is prohibited from commencing a new lawsuit in the United States District Court for the District of Columbia, without leave of Court, against Richard J. Freer, China Bull Management, Inc., the U.S. Securities and Exchange Commission, Mara L. Ransom, Kara M. Stein, Denis Brand Morris, the United States of America, and/or any new party where the facts alleged in any new pleading arise from the same nucleus of facts as in the pleadings in this case, *Chien v. Ransom et al.*, 17-cv-2334, or *Chien v. Morris et al.*, 19-cv-03101;

3. If Andrew Chien seeks leave to file a new lawsuit in the United States District Court for the District of Columbia as described in subpart 2, he is required to file the

7

following along with his Summons and Complaint: (a) a motion captioned "Motion Pursuant to Court Order Seeking Leave to File;" (b) as Exhibit 1 to that motion, a copy of this Order; (c) as Exhibit 2 to that motion, a sworn affidavit certifying that the claim he wishes to present does not arise from the same nucleus of facts as in the pleadings in this case, *Chien v. Ransom et al.*, 17-cv-2334, or *Chien v. Morris et al.*, 19-cv-03101; and (d) as Exhibit 3 to that motion, a list of the full captions of each and every action previously filed by him or on his behalf in any court against each and every defendant to the proposed new action. Andrew Chien's compliance with this requirement will not guarantee that such motion will be granted.

**SO ORDERED.**

Dated: November 23, 2021

                                                        /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge