UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW CHIEN,

    Plaintiff,

  v.

RICHARD J. FREER, *et al.*,

    Defendants.

Civil Action No. 18-2050 (CKK)

**MEMORANDUM OPINION AND ORDER**
(November 23, 2021)

    This matter comes before the Court on Plaintiff's [29] Motion to Remove Hon. Colleen Kollar-Kotelly From Presiding this Case Due to 28USC [sic] § 455(a). Although Plaintiff's Motion is difficult to follow, Plaintiff appears to seek recusal of the undersigned because: (1) Plaintiff filed a now-closed, frivolous lawsuit against the undersigned, *Chien v. Kollar-Kotelly*, 19CV3100, and (2) Plaintiff disagrees with a number of rulings the undersigned has made in this and related cases. For the reasons set forth below, the Court **DENIES** Plaintiff's [29] Motion.

    Plaintiff's pending motion seeks relief under 28 U.S.C. § 144, which allows for the recusal of a judge where a "party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . " 28 U.S.C. § 144. But "the mere fact that a party has filed a [Section] 144 motion, accompanied by the requisite affidavit . . . does not automatically result in the challenged judge's disqualification." *Strange v. Islamic Republic of Iran*, 46 F. Supp. 3d 78, 81 (D.D.C. 2014) (quoting *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010)).

1

Instead, to merit recusal under § 144, an affidavit should state "material facts with particularity," which "would convince a reasonable person that a bias exists, and [that] the alleged bias is personal in nature and stems from an extrajudicial source." *Jordan v. U.S. Dep't of Just.*, 315 F. Supp. 3d 584, 591 (D.D.C. 2018) (citing *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988)).

Plaintiff's Motion does not meet this standard.  At the outset, Plaintiff's Motion is procedurally deficient as he does not attach a supporting affidavit.  *See Jordan*, 315 F. Supp. 3d at 591.  Moreover, Plaintiff's papers simply criticize this Court's prior orders. In Plaintiff's view, the Court's ruling did not adequately consider certain public documents that provide evidence of the alleged tortious actions by Defendants.  *See* Mot. at 3-4, ECF No. 29.  The Court rejects this argument as a basis for recusal, as "mere dissatisfaction with a ruling of this Court is insufficient to warrant recusal or disqualification." *Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 258 (D.D.C. 2017); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994).  Additionally, without more, the mere invocation of his prior suit against the undersigned does not demonstrate "the kind of 'extreme' bias that could provide a basis for recusal." *See SEC v. Loving Spirit Found.*, 392 F.3d 486, 493 (D.C. Cir. 2004).  Upon review of remaining record herein, the Court finds no other source of support for Plaintiff's repeated request for recusal.  Accordingly, it is hereby

**ORDERED** that Plaintiff's [29] Motion to Remove Hon. Colleen Kollar-Kotelly From Presiding this Case Due to 28USC § 455(a) is **DENIED**.

**SO ORDERED.**

**Date**: November 23, 2021

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge